483 So.2d 343 (1986)
Richard Lloyd ODOM
v.
STATE of Mississippi.
No. 56232.
Supreme Court of Mississippi.
February 5, 1986.
Richard Lloyd Odom, pro se.
Edwin Lloyd Pittman, Atty. Gen. by Jack B. Lacy, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
*344 WALKER, Presiding Justice, for the Court:
Richard Lloyd Odom's petition for a writ of error coram nobis was denied without hearing by the Circuit Court of Rankin County, Mississippi. Odom seeks to have his guilty plea set aside and a new trial granted.
Odom avers that he had previously been tried for capital murder and found guilty but the jury did not impose the death penalty and he was sentenced to life. He was granted a new trial but entered a plea of guilty to murder prior to his second trial. In his petition Odom alleges that he entered the plea of guilty because his attorney advised him that he could be given the death penalty upon retrial. If the events surrounding this case are as alleged by the petitioner, this advice was erroneous.
In Dycus v. State, 440 So.2d 246 (Miss. 1983), this Court held that the question of the maximum sentence possible was irrevocably settled when, at the end of the defendant's first trial for capital murder, the judge sustained the defense motion and sentenced Dycus to life imprisonment. The Court reasoned that the judge had made a judicial determination on the maximum sentence as life imprisonment and this was tantamount to a directed verdict on that issue. Dycus' death sentence from his second trial was reversed, and he was sentenced to life imprisonment.
In Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), the Supreme Court held that the death penalty could not be imposed at a second capital murder trial where the defendant had been sentenced to life imprisonment at the first trial by a jury using a bifurcated sentencing procedure.
Because the sentencing proceedings at petitioner's first trial was like the trial on the question of guilt or innocence, the protection afforded by the Double Jeopardy Clause to one acquitted by a jury also is available to him, with respect to the death penalty, at his retrial. 451 U.S. at 446, 101 S.Ct. at 1862, 68 L.Ed.2d at 284.
This case is remanded for a full hearing on the issue of whether the petitioner was advised by his attorney that he could be given the death penalty upon retrial and, not wanting to take that chance, entered a plea of guilty based upon this erroneous advice. Should the court find sufficient evidence to support the petitioner's claim, the petitioner should be allowed to withdraw his guilty plea and be given a new trial.
We would also point out that, in dismissing the petition, the trial judge erroneously applied the three-year statute of limitations provided for under the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), Miss. Code Ann. § 99-39-1 et seq. (Supp. 1985). This act applies prospectively from its date of enactment, April 17, 1984. Individuals convicted prior to April 17, 1984, have three (3) years from April 17, 1984, to file their petition for post conviction relief. Those individuals convicted after April 17, 1984, generally have three (3) years in which to file a petition for relief as provided for in the UPCCRA, Miss. Code Ann. § 99-39-5(2) (Supp. 1985), which states:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature *345 that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Odom entered his plea of guilty on December 19, 1978 prior to the enactment of § 99-39-5. Therefore, he had three (3) years from April 17, 1984, the date of its enactment, to file his petition.
REVERSED AND REMANDED
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.