569 So.2d 1168 (1990)
Felix FREELON
v.
STATE of Mississippi.
No. 89-KP-1290.
Supreme Court of Mississippi.
October 3, 1990.
Rehearing Denied November 21, 1990.
*1169 Felix Freelon, Parchman, pro se.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
On August 5, 1977, Felix Freelon pled guilty to a charge of sale of a controlled substance in the Circuit Court of Grenada County, Mississippi, and was sentenced to serve four (4) years in the custody of Mississippi Department of Corrections.
On or about August 4, 1982, Freelon was convicted for the sale of a controlled substance, and was sentenced pursuant to Miss. Code Ann. § 99-19-81 (Supp. 1990), to serve twenty (20) years in the custody of the Mississippi Department of Corrections, without the possibility of probation or parole. The 1982 sentence was enhanced, in part, because of Freelon's prior 1977 conviction.
On May 22, 1989, Freelon petitioned the Circuit Court of Grenada County, under the Post-Conviction Collateral Relief Act, to set aside the guilty plea entered on August 5, 1977. That court denied the petition by order dated May 26, 1989, and filed May 31, 1989.
Under the authority of the Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-5(2) (Supp. 1990), and Odom v. State, 483 So.2d 343 (Miss. 1986), Freelon was time barred when he petitioned the circuit court. Under the above cited statute and case, a defendant convicted prior to April 17, 1984, has three years from that date to file a petition for post-conviction relief. Clearly Freelon was required to petition for post-conviction relief on or before April 17, 1987, and he did not do so until on or about May 22, 1989. His application for post-conviction relief was properly denied by the circuit court.
The posture of the case before us at this time, however, deals with whether or not Freelon should have an out-of-time appeal from the order of the circuit court denying his Petition for Post-Conviction Relief. Freelon claims he never received a copy of the order denying his petition from the Circuit Clerk of Grenada County. On or about November 9, 1989, Freelon petitioned the Grenada County Circuit Court for leave to proceed with an out-of-time appeal alleging that he had never received a copy of the order from whence he seeks appeal. He argues that this prevented him from timely appealing through no fault of his own. The circuit court by order filed November 13, 1989, denied Freelon's Motion without a hearing. This is the decision appealed to this Court.
In Williams v. State, 456 So.2d 1042 (Miss. 1984), this Court held that when a prisoner makes out a prima facie case that he failed to timely perfect an appeal through no fault of his own, the prisoner is entitled to a hearing in the trial court on the issue of whether or not he is entitled to an out of time appeal.
It is undisputed that the circuit clerk mailed the order to Freelon at the Mississippi Department of Corrections but it is equally undisputed that Freelon did not receive it. The real heart of this appeal by Freelon, however, is an effort to litigate his underlying claim, which is whether or not his guilty plea in 1977 was knowingly and voluntarily entered. In this effort Freelon must fail.
Under other circumstances no doubt the court might grant Freelon an out-of-time appeal. However, when one seeks an out-of-time appeal from a ruling of a trial court on a petition that was already time barred by law at the time it was filed, an out of time appeal would accomplish nothing.
Therefore under the facts and circumstances of this case, the order of the Circuit Court of Grenada County, Mississippi, *1170 dismissing Freelon's Motion to Proceed With an Out-of-Time Appeal is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ANDERSON, PITTMAN and BLASS, JJ., concur.
ROBERTSON, J., concurs in result and files separate concurring opinion.
ROBERTSON, Justice, concurring:
I agree that Felix Freelon has made no showing that would suggest he is entitled to an out of time appeal and for that reason I concur in the judgment below. I write because I fear the opinion may be read by some as deciding a proposition which has been neither raised nor litigated and is not necessary to the decision today.
In my view, the enforceability of the three-year statute of limitations in the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-5(2) (Supp. 1990), is highly problematical. It likely constitutes a suspension of the writ of habeas corpus in violation of Miss. Const. Art. 3, § 21 (1890). The question was before us in Reynolds v. State, 521 So.2d 914, 915 (Miss. 1988), but we did not decide it because the complaining prisoner lacked standing. Nothing in Odom v. State, 483 So.2d 343 (Miss. 1986) is to the contrary. Odom merely holds that the UPCCRA is prospective only from its date of enactment and, accordingly, the three-year statute of limitations could have no effect upon a prisoner's pre-Act claim. Nothing in Odom could or did hold that the three-year statute of limitations passes constitutional muster. Of course we do not go looking for constitutional questions to decide, see Western Line Consolidated School District v. Greenville Municipal Separate School District, 433 So.2d 954, 958 (Miss. 1983); Tribou v. Gunn, 410 So.2d 378, 380 (Miss. 1982), and certainly do not decide questions such as that noted here absent full briefing and argument, the day for which will surely come.