On February 28, 1984, appellant Tommy D. Brown was indicted for the crime of armed robbery. After originally pleading not guilty, Brown changed his plea to guilty at a hearing held March 15, 1984, in the Circuit Court of Quitman County by Judge Elzy Smith. At a second hearing, held March 29, 1984, Brown was sentenced by Judge Smith to serve 20 years. On July 18, 1991, Brown filed a motion in the style of a motion for post-conviction relief titled Motion to Vacate and Set Aside the Judgment or Sentence which was denied by Judge Smith on June 2, 1992. Brown appealed to this Court on June 11, 1992.
 FACTS
Tommy D. Brown was indicted for armed robbery on February 28, 1984. According to the indictment, Brown used a knife to steal a pistol, various articles of jewelry, and $375.00 in cash and traveler's checks from Jessie Mae Furr on March 23, 1983. After originally pleading not guilty, Brown changed his plea to guilty at a hearing held before Judge Elzy Smith in the Circuit Court of Quitman County. In the course of this proceeding Judge Smith thoroughly questioned Brown in regard to his plea, its consequences, and the adequacy of the representation provided by defense counsel Charles Easterling. At a second hearing, held March 29, 1984, Judge Smith sentenced Brown to serve 20 years. The transcript of these proceedings was not filed until April 19, 1984.
On June 18, 1991, Brown filed a motion in the form of a motion for post-conviction relief styled Motion to Vacate and Set Aside or Correct the Judgment or Sentence. In it Brown listed as grounds for relief:
 a) The guilty plea was the result of reliance upon erroneous advice from Movant's counsel that he would be eligible while in custody to "parole, to earn good time" toward early release as would any other prisoner.
 b) The guilty plea was unintelligently and involuntarily entered.
 c) The trial court committed reversible error when it failed to advise Movant of *Page 938 
the consequences of Movant's plea as required by law.
This was not Brown's first attempt to have himself freed. He cited as previous motions:
 a) Motion to Vacate Sentence, was filed in this court on September 17, 1984.
 b) Petition for Writ of Habeas Corpus was forwarded to this court for filing on June 17, 1985.
 c) Motion for leave to proceed in forma pauperis, pursuant to § 11-53-17, MCA (Supp. 1984), Section 4, Post-Conviction Collateral relief was forwarded to this court for filing on June 17, 1986.
 d) Petition for writ of mandamus was filed in this court on February 17, 1987.
According to Brown, all of these motions were improperly prepared and were dismissed by the court without prejudice.
On June 2, 1992, Judge Smith dismissed Brown's Motion to Vacate and Set Aside or Correct the Judgment or Sentence as time barred:
 The Motion to Vacate and Set Aside or Correct the Judgment or Sentence was filed by Petitioner with the Clerk of this Court on July 18, 1991, more than three years subsequent to the entry of his guilty plea and sentencing. No appeal or other pleading for relief was filed by him prior to the motion sub judice and no exceptions to this procedural bar are applicable. 99-39-5(2), Miss. Code Ann.
Brown filed a Notice of Appeal on June 18, 1992.
 LAW
 I. THE GUILTY PLEA WAS UNINTELLIGENTLY AND INVOLUNTARILY ENTERED.
 II. THE GUILTY PLEA WAS THE RESULT OF RELIANCE UPON ERRONEOUS ADVICE FROM APPELLANT'S COUNSEL.
 III. THE TRIAL COURT MADE REVERSIBLE ERROR WHEN IT FAILED TO ADVISE THE APPELLANT OF THE CONSEQUENCES OF HIS PLEA AS REQUIRED BY RULE 3.03.
Although Brown cites the above three points as error on appeal, he does not refer to the issue of the statute of limitations upon which the case was dismissed below. According to the Mississippi Uniform Post-Conviction Collateral Relief Act,
 A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss. Code Ann. § 99-39-5(2).
Furthermore, as Brown pled guilty before the post-conviction relief statute became effective on April 17, 1984, the doctrine of Odom v. State, 483 So.2d 343 (Miss. 1986), must apply. "[The Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq.] applies prospectively from its date of enactment, April 17, 1984. Individuals convicted prior to April 17, 1984, have three (3) years from April 17, 1984, to file their petition for post-conviction relief." 483 So.2d at 344.
Over seven years passed in the case at bar between the effective date of the statute and the filing of this motion for post-conviction relief. Absent an exception, this motion must be viewed as time barred and the holding of the lower court must be affirmed. *Page 939 
In his original Motion to Vacate and Set Aside or Correct the Judgment or Sentence, Brown did not point to an exception to the statute of limitations or even acknowledge that his motion may be time barred. Furthermore, the closest his brief on appeal comes to addressing this issue is:
 Brown isn't procedurally barred from rising his claim of ineffective assistance of counsel because counsel wouldn't have been considered as erroneous until Brown in-fact done the time that counsel had advise him in order to convince him to plea guilty to the charge of armed robbery, whereas now he had done over seven (7) years as advised by his court-appointed-counsel of record on or about March 29, 1984. . . .
Brown does not further explain what he means by this nor cite any law that would support this proposition. Certainly, his brief does not refer to a United States or Mississippi Supreme Court ruling which would affect his case, new evidence which would change his case's outcome, or claim that his sentence has expired or that his parole or conditional release has been unlawfully revoked.
Since the record of this case has been filed, Tommy Brown has sent this Court several letters saying that he was due to be released from prison in July of 1993. As a claim by a prisoner "that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked," Miss. Code Ann. § 99-39-5(2) (Supp. 1993) is an exception to the Post-Conviction Relief Act statute of limitations. Brown is not precluded from raising this issue in another motion. Such matter, however, is not before us in this petition. The judgement of the lower court is therefore affirmed.
LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.
DAN M. LEE and PRATHER, P.JJ., SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.