699 So.2d 132 (1997)
John Earl BOOKER
v.
STATE of Mississippi.
Nos. 92-KA-00877-SCT, 93-DP-00671-SCT.
Supreme Court of Mississippi.
September 4, 1997.
*133 Robert B. McDuff, John G. Jones, Jackson, Barbara R. Arwine, Washington, D.C., for Appellant.
Office of the Attorney General by Michael C. Moore, Atty. Gen., Marvin L. White, Jr., Asst. Atty. Gen., Charlene R. Pierce, Special Asst. Atty. Gen., for Appellee.
En Banc.
BANKS, Justice, for the Court:
¶ 1. This matter is before the Court on the appellant-petitioner's appeal of the circuit court's denial of post-conviction relief as to his guilty plea, and an appeal of his sentence. We are compelled to reverse the sentence under Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), and its progeny. We also conclude that Booker's attack on his guilty plea is not time-barred.

I.
¶ 2. John Earl Booker pled guilty to the capital murder of O.M. Martin and was sentenced to death by judgment entered in the Circuit Court of Tate County, Mississippi[1], which judgment and sentence were affirmed by this Court on direct appeal with rehearing denied in Booker v. State, 449 So.2d 209 (Miss. 1984). His petition for certiorari to the United States Supreme Court was initially denied, Booker v. Mississippi, 469 U.S. 873, 105 S.Ct. 230, 83 L.Ed.2d 159 (1984), but on rehearing that Court granted certiorari, vacated the judgment of this Court and remanded the matter for consideration in the light of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). Booker v. Mississippi, 472 U.S. 1023, 105 S.Ct. 3493, 87 L.Ed.2d 626 (1985). Upon that review, this Court again affirmed the conviction and sentence. Booker v. State, 511 So.2d 1329 (Miss. 1987). Thereafter, certiorari was denied in the United States Supreme Court. Booker v. Mississippi, 485 U.S. 982, 108 S.Ct. 1281, 99 L.Ed.2d 492 (1988), reh'g. denied, 486 U.S. 1027, 108 S.Ct. 2006, 100 L.Ed.2d 237 (1988).
¶ 3. The direct appeal process completed, Booker, within two months following denial of rehearing in the United States Supreme Court, presented an Application for Leave to File a Motion to Vacate Judgment and Sentence which combined points challenging the guilty plea with others addressing the sentence. On motion of the State, the Court dismissed those claims addressing the plea without prejudice to the right of the defendant to refile them in the trial court and *134 stayed the remaining claims pending resolution of those issues. 93-KA671, Order, October 24, 1988. On Booker's motion the Circuit Court of Tate County considered the guilty plea issues and denied relief, finding them barred by the statute of limitations. That decision was appealed under cause number 92-DP-00877, and the pending post-conviction challenge to sentencing has been consolidated with it for consideration at this time. The various claims are designated in Booker's briefs as Claims A through W.

II.
¶ 4. In the Circuit Court, Booker raised two issues assailing the entry of his guilty plea. The trial court denied these claims under the bar of Miss. Code Ann. § 99-39-5(2), because Booker's motion was not filed in that court within three years following the entry of his guilty plea. Booker argues that the guilt phase claims were timely filed, since they were filed within sixty days after the order of this Court dismissing the original application for relief which was erroneously filed in this Court. That order, entered here on October 24, 1988 provides:
It is further ordered that further consideration of the remaining claims before this Court is stayed pending consideration and resolution of these claims relating to the guilty plea by the Circuit Court of Tallahatchie County. Nothing in the pleadings filed in this Court or in this Order should be construed to prevent either party from raising any claims or defenses available to it under the post-conviction relief act or elsewhere. Should either party be aggrieved by the resolution of the issues by the circuit court, an appeal may be taken if desired and the appeal of that matter shall be considered along with the presently pending Motion to Vacate Judgment and Sentence.
¶ 5. Booker correctly points out that he filed his post-conviction petition with the trial court within three years of the completion of the direct appeal of his death sentence. He argues that by doing so he fully complied with Miss. Code Ann. § 99-39-5(2), which reads:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi, or in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in the case of a guilty plea, within three (3) years after entry of the judgment of conviction.
¶ 6. Booker presently argues that the limitations did not begin to run in this case until the close of his direct appeal, which was finally adjudicated on May 23, 1988. We agree. The statute clearly provides three years in which to file a petition for post-conviction relief where a direct appeal has been taken. In this case, as in all death cases, a direct appeal was taken pursuant to Miss. Code Ann. § 99-19-105, which commands automatic appeals to this Court in death cases.
¶ 7. The fact that the death sentence in this case was followed by a plea of guilty to the charge does not alter our understanding of the statute. Although the Post-Conviction Relief statute provides that: "in the case of a guilty plea, [a petition for relief must be filed] within three (3) years after entry of the judgment of conviction," that provision is clearly directed toward guilty pleas that are not attended by direct appeals, since cases in which direct appeals have been taken are subject to the express language tolling the running of the time limitation during the pendency of such appeals. Indeed, the entire range of non-capital cases in which defendants plead guilty are not attended by direct appeal, since those convictions are not entitled to any direct appeal. Miss. Code Ann. § 99-35-101.
¶ 8. Thus, under Miss. Code Ann. § 99-39-5(2), Booker had three years from the conclusion of his direct appeal, which did not occur until the denial of rehearing of his petition for certiorari in the United States Supreme Court from this Court's decision in his direct appeal. That occurred on May 23, 1988. Since his petition for collateral review of the entry of his guilty plea was filed well within three years of that date, it was timely. The *135 circuit court's ruling that this petition was time barred is reversed, and Cause No. 92-KA-0877 is remanded for consideration on the merits.

III.
¶ 9. In addition to Booker's appeal of the circuit court's dismissal of his petition for relief from his guilty plea, Booker petitioned this Court to consider several issues that arose during his sentencing trial. We will address the two which are central to our disposition of his petition for relief from the death sentence.

A. The "especially heinous, atrocious, or cruel" aggravating circumstances, which the trial court failed to define or limit for the jury, was vague and over broad as applied, and is inapplicable in this case, all in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article III, Sections 14 and 28 of the Mississippi Constitution. (Claim C of original petition)
¶ 10. The trial court submitted this aggravating factor, taken from Miss. Code Ann. § 99-19-101(5), to Booker's sentencing jury for consideration without the benefit of a limiting definition. Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), which was decided after the affirmance of Booker's sentence on direct appeal, held that such failure to supply a capital jury with a properly limiting definition of "especially heinous, atrocious or cruel" to accompany this aggravating factor is error.
¶ 11. Our pronouncements on this issue since the United States Supreme Court's decision in Clemons have been clear and consistent: Clemons claims are excepted from procedural bars. King v. State, 656 So.2d 1168, 1173 (Miss. 1995); Irving v. State, 618 So.2d 58 (Miss. 1992); Gilliard v. State, 614 So.2d 370 (Miss. 1992); Pinkney v. State, 602 So.2d 1177 (Miss. 1992), and Clemons v. State, 593 So.2d 1004 (Miss. 1992).
¶ 12. Here, as before in similar cases, the State urges this Court to either reweigh the remaining aggravating and mitigating factors, disregarding the offending factor, or to review the sentence applying harmless error standards. We have repeatedly refused to do so for reasons enunciated at length in Wilcher v. State, 635 So.2d 789 (Miss. 1993). See also Wiley v. State, 635 So.2d 802 (Miss. 1993); Woodward v. State, 635 So.2d 805 (Miss. 1993). As declared in Hill v. State, 659 So.2d 547, 549 (Miss. 1995):
Our task in death penalty cases where, as here, an unconstitutionally vague aggravator is submitted to the jury, is to review, not reweigh. By virtue of Miss. Code Ann. § 99-19-101, the weighing of aggravating circumstances is a jury function. Wilcher compels us to remand ... for a new sentencing hearing.
See also Davis v. State, 655 So.2d 864 (Miss. 1995).
¶ 13. The Court is not unmindful of the legislature's amendment in 1994 of Miss. Code Ann. § 99-19-105 (Supp. 1995), the terms of which would give this Court the power to reweigh aggravating and mitigating factors, or to conduct harmless error review. However, that statute, as amended, has no application to sentences imposed prior to its passage. As we announced in King, the right to a jury determination of the penalty of death is a substantial substantive right that is deeply rooted in our law which should not be annulled by retroactive application of the amendment. In King, we did not reach the question of the constitutionality of the statute's amendment, nor do we here. Our clear and consistent authority impels us to conclude that the amended statute does not apply to Booker, who was sentenced to death in violation of the Clemons rule before the amendment's passage.

B. The trial court erred in instructing the jury on the "robbery" and "pecuniary gain circumstances", in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article III, Section 14, 26, and 28 of the Mississippi Constitution. (Claim O)
¶ 14. In Willie v. State, 585 So.2d 660 (Miss. 1991), we held that the trial court in a sentencing proceeding should not submit as *136 separate aggravators both the fact that the capital murder was committed during the commission of a robbery and that it was committed for pecuniary gain. Miss. Code Ann. § 99-19-101(5)(d) and (f). See also Ladner v. State, 584 So.2d 743 (Miss. 1991). Willie expressly reversed Booker v. State, 449 So.2d 209 on this point. The Court reasoned that where two aggravators essentially comprise one circumstance, it is improper for the jury to doubly weigh that circumstance. This rule has been recently reaffirmed. Davis v. State, 660 So.2d 1228 (Miss. 1995).
¶ 15. Booker presently complains that he was subjected to the same double weighing of these factors. The State responds that Willie is to be given only prospective application, and, having been decided after Booker's sentencing trial, it does not govern that hearing. While it is true that the Willie rule was not effective at the time of Booker's sentencing trial and would not be a basis for reversal, it is applicable to the resentencing process which will result from today's ruling, and the circuit court is directed to instruct the jury in accordance with its holding.
¶ 16. The remaining issues which addressed specific conduct in the prior trial and instructions specific to the evidence there presented no longer require attention. We have spoken to many of them in the several decisions that we have issued since Booker's initial sentencing hearing. With every confidence that the circuit court will preside over Booker's resentencing proceeding in accord with the guidance of our intervening decisions, we decline to reach them today.
¶ 17. DECISION OF TRIAL COURT DENYING POST-CONVICTION RELIEF ON GUILT PHASE ISSUES IS REVERSED AND REMANDED FOR FURTHER CONSIDERATION. DEATH SENTENCE REVERSED, TO BE REMANDED FOR RESENTENCING TRIAL PENDING OUTCOME OF PETITION FOR RELIEF FROM GUILTY PLEA.
PRATHER and SULLIVAN, P.JJ., and PITTMAN, J., concur.
McRAE, J., concurs in result only.
SMITH, J., dissents with separate written opinion joined by DAN LEE, C.J., and JAMES L. ROBERTS, Jr. and MILLS, JJ.
SMITH, Justice, dissenting:
¶ 18. The majority writes that the three-year statute of limitations which controls petitions for post conviction collateral relief begins to run from the conclusion of Booker's direct appeal rather than from the entry of his guilty plea to capital murder. Thus, the majority holds that Booker's attack on his guilty plea is not time-barred. In arriving at such a conclusion, it is noteworthy that the majority fails to cite any case authority. I reject outright the majority view.
¶ 19. The majority also reverses Booker's sentence of death under the authority of Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), and its progeny. I have previously stated my view that this Court could re-weigh the aggravating and mitigating circumstances and/or apply harmless error analysis where applicable. I have also expressed views about the finality of criminal judgments. Therefore, in the case sub judice, I re-adopt those previous views as heretofore expressed. Wilcher v. State, 635 So.2d 789, 794-801 (Miss. 1993). See also Taylor v. State, 672 So.2d 1246 (Miss. 1996); Cole v. State, 666 So.2d 767 (Miss. 1995); King v. State, 656 So.2d 1168 (Miss. 1995); Hill v. State, 659 So.2d 547 (Miss. 1994); Nixon v. State, 641 So.2d 751 (Miss. 1994); Woodward v. State, 635 So.2d 805 (Miss. 1993); Wiley v. State, 635 So.2d 802 (Miss. 1993).
¶ 20. Booker pled guilty to the charge of capital murder on July 20, 1981. The sentencing phase of the proceeding was conducted before a jury and Booker was sentenced to death. On direct appeal to this Court, Booker only raised issues concerning the sentencing phase and his death sentence. Booker raised no guilt phase issues and could not have done so because of Miss. Code Ann. § 99-35-101 (1972), which states:
Any person convicted on an offense in a circuit may appeal to the supreme court, provided, however, an appeal to the supreme court shall not be allowed in any *137 case where the defendant enters a plea of guilty.
¶ 21. The Court has long adhered to the principles espoused in this statute. Cooper v. State, 175 Miss. 718, 168 So. 53 (1936). Equally clear is that Booker could have, and in fact did appeal the sentence imposed although he plead guilty to capital murder and failed to raise issues concerning guilt. Trotter v. State, 554 So.2d 313 (Miss. 1989).
¶ 22. This Court has held that trial courts have exclusive jurisdiction to hear and determine petitions for post-conviction relief filed by a convicted defendant who is precluded from taking a direct appeal by virtue of having entered a guilty plea. McDonall v. State, 465 So.2d 1077 (Miss. 1985). The majority ignores the October 24, 1988, order of this Court wherein we noted our lack of jurisdiction and therefore dismissed without prejudice those portions of Booker's post-conviction petition relating to his guilty plea in order that he could properly file his petition with the lower court. We clearly recognized that no jurisdiction existed over the claims relating to Booker's guilty plea.
¶ 23. Thereafter, Booker filed his petition in the trial court and the State raised the statute of limitations defense. Booker pled guilty on July 20, 1981. Miss. Code Ann. § 99-39-5, which sets the three-year statute of limitations period for petitions for post-conviction relief, was enacted on April 17, 1984, and began to run on that date. Booker therefore had until April 17, 1987 to file a petition for post-conviction relief. Brown v. State, 643 So.2d 937 (Miss. 1994); Patterson v. State, 594 So.2d 606 (Miss. 1992); Freelon v. State, 569 So.2d 1168 (Miss. 1990); Jackson v. State, 506 So.2d 994 (Miss. 1987); Odom v. State, 483 So.2d 343 (Miss. 1986). The trial court correctly held that Booker was time barred for failure to challenge his guilty plea within the statutory three-year time period set forth in Miss. Code Ann. § 99-39-5(2). Neither our case law nor statutory provisions distinguish between capital and non-capital cases regarding this issue. Booker has clearly failed to comply with the express provisions of the statute, choosing instead to wait until this Court decided his direct appeal of the sentencing phase of his trial. Then, on July 8, 1988, over one year and three months after the expiration of the statute of limitations, Booker filed his petition for post-conviction relief, wherein he included claims arising from both the entry of his guilty plea and the sentencing phase.
¶ 24. Regarding finality of criminal cases, if Booker had initially filed his petition in a timely manner, this Court would not now be faced with deciding this claim sixteen years after the fact. Booker's actions clearly illustrate the seemingly endless appeals process in death penalty cases. The Post-Conviction Relief Act clearly states that the proper procedure is to file such claims with the trial court. Booker failed to follow the proper statutory procedure in filing his petition first with this Court. Such action resulted in the unnecessary remand of the case and a stay in proceedings while the trial court considered Booker's claims. It is also noteworthy that at least one of Booker's attorneys, the Hon. Robert McDuff, first appeared as counsel on October 12, 1984, long before the statute of limitations ran on Booker's guilty plea. Surely counsel of the outstanding status and excellent legal reputation of McDuff was well aware of this situation and the potential pitfalls for Booker if a petition were not filed within the three-year time frame. Booker has simply chosen to challenge his guilty plea too late. The time bar applies.
¶ 25. I respectfully dissent.
DAN LEE, C.J., and JAMES L. ROBERTS, Jr. and MILLS, JJ., join this opinion.
NOTES
[1] The murder of O.M. Martin occurred in Tallahatchie County, and the case originated in the Circuit Court of Tallahatchie County. Thereafter, pursuant to a change of venue, it was moved to Tate County for trial.