SMITH, Justice,
dissenting:
¶ 18. The majority writes that the three-year statute of limitations which controls petitions for post conviction collateral relief begins to run from the conclusion of Booker’s direct appeal rather than from the entry of his guilty plea to capital murder. Thus, the majority holds that Booker’s attack on his guilty plea is not time-barred. In arriving at such a conclusion, it is noteworthy that the majority fails to cite any case authority. I reject outright the majority view.
¶ 19. The majority also reverses Booker’s sentence of death under the authority of Clemons v. Mississippi, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), and its progeny. I have previously stated my view that this Court could re-weigh the aggravating and mitigating circumstances and/or apply harmless error analysis where applicable. I have also expressed views about the finality of criminal judgments. Therefore, in the case sub judice, I re-adopt those previous views as heretofore expressed. Wilcher v. State, 635 So.2d 789, 794-801 (Miss.1993). See also Taylor v. State, 672 So.2d 1246 (Miss.1996); Cole v. State, 666 So.2d 767 (Miss.1995); King v. State, 656 So.2d 1168 (Miss.1995); Hill v. State, 659 So.2d 547 (Miss.1994); Nixon v. State, 641 So.2d 751 (Miss.1994); Woodward v. State, 635 So.2d 805 (Miss.1993); Wiley v. State, 635 So.2d 802 (Miss.1993).
¶20. Booker pled guilty to the charge of capital murder on July 20, 1981. The sentencing phase of the proceeding was conducted before a jury and Booker was sentenced to death. On direct appeal to this Court, Booker only raised issues concerning the sentencing phase and his death sentence. Booker raised no guilt phase issues and could not have done so because of Miss.Code Ann. § 99-35-101 (1972), which states:
Any person convicted "on an offense in a circuit may appeal to the supreme court, provided, however, an appeal to the supreme court shall not be allowed in any *137 case where the defendant enters a plea of guilty.
¶21. The Court has long adhered to the principles espoused in this statute. Cooper v. State, 175 Miss. 718, 168 So. 53 (1936). Equally clear is that Booker could have, and in fact did appeal the sentence imposed although he plead guilty to capital murder and failed to raise issues concerning guilt. Trotter v. State, 554 So.2d 313 (Miss.1989).
¶ 22. This Court has held that trial courts have exclusive jurisdiction to hear and determine petitions for post-conviction relief filed by a convicted defendant who is precluded from taking a direct appeal by virtue of having entered a guilty plea. McDonall v. State, 465 So.2d 1077 (Miss.1985). The majority ignores the October 24, 1988, order of this Court wherein we noted our lack of jurisdiction and therefore dismissed without prejudice those portions of Booker’s post-conviction petition relating to his guilty plea in order that he could properly file his petition with the lower court. We clearly recognized that no jurisdiction existed over the claims relating to Booker’s guilty plea.
¶ 23. Thereafter, Booker filed his petition in the trial court and the State raised the statute of limitations defense. Booker pled guilty on July 20, 1981. Miss.Code Ann. § 99-39-5, which sets the three-year statute of limitations period for petitions for post-conviction relief, was enacted on April 17, 1984, and began to run on that date. Booker therefore had until April 17, 1987 to file a petition for post-conviction relief. Brown v. State, 643 So.2d 937 (Miss.1994); Patterson v. State, 594 So.2d 606 (Miss.1992); Freelon v. State, 569 So.2d 1168 (Miss.1990); Jackson v. State, 506 So.2d 994 (Miss.1987); Odom v. State, 483 So.2d 343 (Miss.1986). The trial court correctly held that Booker was time barred for failure to challenge his guilty plea within the statutory three-year time period set forth in Miss.Code Ann. § 99-39-5(2). Neither our case law nor statutory provisions distinguish between capital and non-capital cases regarding this issue. Booker has clearly failed to comply with the express provisions of the statute, choosing instead to wait until this Court decided his direct appeal of the sentencing phase of his trial. Then, on July 8, 1988, over one year and three months after the expiration of the statute of limitations, Booker filed his petition for post-conviction relief, wherein he included claims arising from both the entry of his guilty plea and the sentencing phase.
¶ 24. Regarding finality of criminal cases, if Booker had initially filed his petition in a timely manner, this Court would not now be faced with deciding this claim sixteen years after the fact. Booker’s actions clearly illustrate the seemingly endless appeals process in death penalty cases. The Post-Conviction Relief Act clearly states that the proper procedure is to file such claims with the trial court. Booker failed to follow the proper statutory procedure in filing his petition first with this Court. Such action resulted in the unnecessary remand of the ease and a stay in proceedings while the trial court considered Booker’s claims. It is also noteworthy that at least one of Booker’s attorneys, the Hon. Robert McDuff, first appeared as counsel on October 12, 1984, long before the statute of limitations ran on Booker’s guilty plea. Surely counsel of the outstanding status and excellent legal reputation of McDuff was well aware of this situation and the potential pitfalls for Booker if a petition were not filed within the three-year time frame. Booker has simply chosen to challenge his guilty plea too late. The time bar applies.
¶ 25.1 respectfully dissent.
DAN LEE, C.J., and JAMES L. ROBERTS, Jr. and MILLS, JJ., join this opinion.