# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
## NO. 2000-CP-00025-COA

**EARL L. WRIGHT A/K/A EARL LEE WRIGHT**                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/07/1999 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS JR. |
| DISTRICT ATTORNEY: | JAMES H. POWELL III |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | 05/07/1999: POST-CONVICTION RELIEF - DISMISSED. |
| DISPOSITION: | AFFIRMED - 10/31/2000 |
| MOTION FOR REHEARING FILED: | 11/14/2000; denied 2/6/2001 |
| CERTIORARI FILED: | ; denied 1/3/2002 |
| MANDATE ISSUED: | 2/27/2001 |

BEFORE SOUTHWICK, P.J., IRVING, AND MYERS, JJ.

MYERS, J., FOR THE COURT:

¶1. In 1998 Earl Wright filed two motions for post-conviction relief for two guilty pleas, one entered in 1978 and another entered in 1980. He also petitioned the court to vacate the sentences associated with those pleas. Both of these motions were dismissed. The Circuit Court of Holmes County held that Mr. Wright had missed his window of opportunity and his claims were barred by the three year statute of limitations set out in Miss. Code Ann. § 99-39-5(2) (Supp. 1999). Based on the language of the statute, we affirm the lower court in dismissing these time barred claims.

## FACTS

¶2. Over two decades ago, in 1978 Earl Wright was arrested on a charge for burglary. He pled guilty and was sentenced to five years in the custody of the Mississippi Department of Corrections with four years suspended. Less than a year later, Wright was convicted of his second offense of burglary. He received a ten year sentence and, in addition, he had to serve the previously suspended four years because this burglary violated his parole. In 1980, while serving his time, he attacked the prison doctor. Wright was indicted for aggravated assault. Against his attorney's advice, he pled guilty. He was sentenced to an additional five years. Mr. Wright now wants this Court to overturn the decision of the Circuit Court of

Holmes County regarding the lack of evidence presented in his motions and the tardiness of his post-conviction appeal.

## ANALYSIS

¶3. Mr. Wright's main concern is whether he has a right to an evidentiary hearing regarding his claims. The clear language of the Mississippi Uniform Post-Conviction Relief Act, Miss. Code Ann. § 99-39-5(2)( Supp. 1999), allows for a three year window in which to file an appeal. He could have either filed within three years from (1) an opinion of the Circuit Court on direct appeal, ( 2) time for appeal expired, if no appeal is taken, or (3) entry of a guilty plea or judgment of conviction. *Id.*

¶4. In order to get this hearing , Wright needed to allege any one of the exceptions in § 99-39-5(2). *Id.* Of the three exceptions, Mr. Wright alleges that he has new evidence not reasonably discoverable at trial, but offers no proof in support of his allegations. Without support of his claims the motions are time barred.

¶5. The Mississippi Uniform Post-Conviction collateral Relief Act was enacted on April 17, 1985. Wright had three years in which to file these claims beginning on the effective date of April 17, 1985. *Patterson v. State*, 594 So. 2d 606, 607 (Miss.1992)(quoting *Odom v. State,* 483 So. 2d 343, 344 (Miss. 1986)). Similar to *Odom*, Wright entered a plea of guilty in 1978, which was six years before the Uniform Post-Conviction Relief Act was enacted in 1984. That six year lapse plus the three years from the date of enactment afforded Wright nine years to effectively file an appeal. He did not do so.

¶6. The lower court was correct in dismissing these motions due to the expiration of the statute of limitations. Mr. Wright's claims are barred as his appeal is more than a decade overdue.

¶7. **JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.**

> **McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.**