878 So.2d 244 (2004)
Shelby TRUITT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00344-COA.
Court of Appeals of Mississippi.
May 4, 2004.
Rehearing Denied July 20, 2004.
Shelby Truitt, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
EN BANC.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Shelby Truitt perfected this appeal from an order denying post-conviction relief entered by the Circuit Court of Claiborne County. In January 1974, Truitt was indicted for felony escape. Truitt waived his right to representation and pled guilty to the charge of felony escape. Truitt was sentenced to serve two years at the state penitentiary. In 1993, Truitt filed a motion for post-conviction relief, and the motion was denied. The supreme court affirmed the denial in 1996. See Truitt v. State, 675 So.2d 318 (Miss.1996). Aggrieved by his present state, Truitt once again petitioned the Claiborne County Circuit Court for post-conviction relief on November 14, 2002. The Claiborne County Circuit Court denied the motion finding that Truitt was time-barred by Mississippi Code Annotated Section 99-39-5(2) (Rev.2000). From that denial of relief, Truitt has perfected this appeal.
¶ 2. On appeal, Truitt raises the following issues: (1) the statute under which he was convicted provided for a one year *245 sentence and Truitt was sentenced to two years; (2) he is innocent of the offense of felony escape; and (3) the trial court erred in finding that his motion for post-conviction relief was time-barred. Finding that the motion for post-conviction relief is both untimely and a successive pleading for post-conviction relief, we affirm.

DISCUSSION OF ISSUES

I. IS THE PETITION FOR POST-CONVICTION RELIEF UNTIMELY?
¶ 3. Truitt pled guilty to felony escape on January 9, 1974, some ten years prior to the enactment of the Mississippi Uniform Post-Conviction Collateral Relief Act on April 17, 1984. The Act created a three year time period, beginning April 17, 1984, within which relief must be sought for convictions prior to its enactment. Odom v. State, 483 So.2d 343, 344 (Miss.1986). Truitt first filed a motion for post-conviction relief in 1993, and the motion was denied. The supreme court affirmed the denial in 1996. See Truitt, 675 So.2d at 318. Truitt did not file this petition until November 14, 2002, fifteen years after the expiration of the statute of limitations. Under Odom, Truitt should have filed his petition for post-conviction relief no later than April 17, 1987. Id. As Truitt's motion for post-conviction relief falls well beyond the three year statute of limitations, we affirm the circuit court's order denying the motion for lack of timeliness pursuant to Mississippi Code Annotated Section 99-39-5(2).
¶ 4. Section 99-39-5(2) requires requests for post-conviction relief from guilty pleas to be filed within three years after entry of the judgment of conviction. The exceptions to this three year limitation are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction; (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence; or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked. Miss.Code Ann. § 99-39-5(2) (Supp.2003). Truitt has failed to put forth any facts to require consideration of his appeal outside the three year period of limitation.

II. IS THIS PETITION BARRED AS A SUCCESSIVE PETITION?
¶ 5. Mississippi Code Annotated Section 99-39-23(6) (Supp.2003) bars successive petitions for post-conviction relief. The record clearly indicates that Truitt filed such a petition in 1993, and the supreme court upheld the denial. Truitt, 675 So.2d at 318. Although exceptions to this bar exist, Truitt has failed to raise facts requiring consideration of these exceptions.
¶ 6. For these reasons, we affirm the denial of post-conviction relief.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.