952 So.2d 968 (2006)
Michael WORTHAM a/k/a Michael Andre Wortham, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01657-COA.
Court of Appeals of Mississippi.
October 24, 2006.
Rehearing Denied March 27, 2007.
Michael Wortham, appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. This is an appeal of a denial of post-conviction collateral relief. Incident to a criminal information alleging two counts of robbery with a deadly weapon, Michael Wortham waived indictment and filed a petition to plead guilty to both counts of armed robbery. On September 30, 2004, Wortham pled guilty during a guilty plea hearing before the Calhoun County Circuit Court. The circuit court accepted Wortham's guilty pleas and sentenced Wortham to two concurrent twenty five year sentences in the custody of the Mississippi Department of Corrections with five years suspended and twenty years to serve. Additionally, *969 the circuit court placed Wortham on five years of post-release supervision for each count after his release from custody pursuant to section 47-7-35 of the Mississippi Code (Rev.2004).
¶ 2. On July 13, 2005, Wortham filed a motion for post-conviction relief. The circuit court denied Wortham's motion without conducting an evidentiary hearing. Aggrieved, Wortham appeals pro se and raises four issues:
I. WHETHER THERE WAS A SUFFICIENT FACTUAL BASIS TO ACCEPT WORTHAM'S GUILTY PLEA.
II. WHETHER WORTHAM HAD EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE PLED GUILTY.
III. WHETHER THE CIRCUIT COURT DENIED WORTHAM HIS RIGHTS TO DUE PROCESS WHEN IT ACCEPTED HIS GUILTY PLEA WITHOUT CONVENING A JURY.
IV. WHETHER WORTHAM IS ENTITLED TO RELIEF DUE TO THE CUMULATIVE EFFECT OF ERRORS.
Finding no error, we affirm.

STANDARD OF REVIEW
¶ 3. In reviewing a circuit court's decision to deny a petition for post-conviction collateral relief, we will not disturb the circuit court's factual findings unless they are clearly erroneous. Boyd v. State, 926 So.2d 233(¶ 2) (Miss.Ct.App.2005). However, we review questions of law de novo. Id.

ANALYSIS
I. WHETHER THERE WAS A SUFFICIENT FACTUAL BASIS TO ACCEPT WORTHAM'S GUILTY PLEA.
¶ 4. Wortham claims that "[t]he trial court failed to find that there was a factual basis for the plea of guilty and it was therefore involuntary as a matter of law." Though Wortham frames this issue as a question of whether there was a factual basis for his guilty plea, he essentially argues that his attorney gave him erroneous advice prior to his guilty plea. According to Wortham, his attorney erroneously advised him that he faced a life sentence if he pled not guilty to two counts of armed robbery. Wortham reasons that he is entitled to post-conviction collateral relief just like the appellant received in Odom v. State, 483 So.2d 343 (Miss.1986).
¶ 5. It is important to point out the distinguishing features of Wortham's case and Odom. In Odom, the supreme court reversed a circuit court's decision to deny a convict's petition for writ of error coram nobis. Id. at 344. The supreme court found that course of action appropriate because the petitioner in Odom pled guilty incident to his counsel's erroneous advice that his client would face the death penalty on retrial, when his client had previously been tried for capital murder, found guilty, sentenced to life, and granted a new trial. Id. In Odom, the petitioner received erroneous advice in that the petitioner could not receive the death penalty on retrial because the Double Jeopardy Clause prohibited such where he had received a life sentence during a bifurcated sentencing proceeding. Id.
¶ 6. Wortham cannot compare his experience to the petitioner's in Odom. Wortham has not been to trial. He pled guilty. Wortham did not face the death penalty and never has. Wortham compares his sentence to Odom only in that he claims he received erroneous advice. Even then, Wortham is misplaced. He did not receive erroneous advice from his attorney.
¶ 7. The criminal information against Wortham alleged two counts of robbery *970 with a deadly weapon in violation of section 97-3-79 of the Mississippi Code. According to section 97-3-79:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
Miss.Code Ann. § 97-3-79 (Rev.2000). In fact, had Wortham insisted on a jury trial and had that jury found Wortham guilty of two violations of section 97-3-79, the jury could have fixed Wortham's penalty as a life sentence. As such, Wortham's attorney gave him accurate advice.
II. WHETHER WORTHAM HAD EFFECTIVE ASSISTANCE OF COUNSEL WHEN HE PLED GUILTY.
¶ 8. Here, Wortham claims that he received ineffective assistance. Wortham's argument under this heading is actually a blended argument of ineffective assistance of counsel and insufficient factual basis for his guilty plea.
¶ 9. To establish a claim of ineffective assistance of counsel, Wortham must demonstrate (1) a deficiency of his counsel's performance that is (2) sufficient to constitute prejudice to his defense. Swington v. State, 742 So.2d 1106, 1114(¶ 22) (Miss. 1999) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997)). In deciding whether Wortham's counsel rendered ineffective assistance, this Court examines the totality of the circumstances surrounding the case. Swington, 742 So.2d at (¶ 22). Wortham faces a "strong but rebuttable presumption that his counsel's conduct falls within a broad range of reasonable professional assistance." Id. at (¶ 23). To overcome this presumption, Wortham must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
¶ 10. According to Wortham, his co-defendant actually robbed the store at issue, while Wortham never entered the store and had no prior knowledge of his co-defendant's plan to rob the store. Wortham claims his attorney knew Wortham had no involvement in the robbery. Wortham reasons that his attorney rendered ineffective assistance of counsel in that he advised Wortham to plead guilty and, in effect, to "lie to the court." Wortham asserts that he was in a car while his co-defendant robbed the store. Wortham concludes that, at worst, he was guilty of accessory after the fact to armed robbery. Wortham also feels it necessary to point out that his co-defendant was a prior convicted felon while he had no previous criminal record.
¶ 11. The record contradicts Wortham's argument; especially the following exchange:
BY THE COURT: Does each one of you understand that in pleading guilty . . . you are admitting that you are guilty of that offense or those offenses?
A. Yes, sir.

*971 BY THE COURT: Michael Wortham, are you telling the Court that you are in fact guilty of two separate counts of armed robbery?
A. Yes, sir but.
BY THE COURT: You want to confer with him off the record?
A. No, sir.
BY MR. HOWE: I think what he is trying to say he was an acessary [sic] before the fact?
A. Because actually the paper said I went in with the weapon which I didn't. I was in the vehicle.
BY THE COURT: All right. Let me look at it for a minute. Well let's see. All right it says that on or about [the] 31st day of August, 2004 that you did willfully and feloniously commit an assault upon Lucille Lafayette or with a deadly weapon or a gun, specifically a gun in this case by placing her in fear. It says his person but I'm assuming that it's probably a female with the unlawful and felonious intent to steal and that you did take from Lucille Lafayette a sum of 700 dollars in violation of the law. What you are telling me is that you did not actually do the taking of the money?
A. No, sir, but I was in the vehicle.
Q. And I will ask you about that in a second. In count II it says that you on or about that same day August 31st, 2004 that you committed an assault upon Randy Anglin with a gun for the purpose of putting him in fear of injury and that you took a wallet from that individual and once again you were involved in it but you didn't have the gun?
A. Yes. I never got out of the vehicle but I was involved in it.
Q. My question then for you as far as that is concerned since we are talking about it is that you knew that this crime was taking place?
A. Yes, sir, I did.
Q. And you were involved in participating in it?
A. Yes, sir.
Q. You knew ahead of time that these people were going to be robbed or?
A. Yes, sir.
Q. You said about to rob this person or these people; is that correct?
A. Yes, sir.
Q. And as an accessary [sic] to the crime you are charged the same way as the principal. In other words, if you are involved in it then you are charged with the same crime as the person who actually held the gun as long as you knew in advance and participated that the crime was going to be committed you understand what I'm telling you?
A. Yes, sir.
Q. Are you telling the Court then based on what you and I have talked about that you are in fact guilty as an accessary [sic] before the fact therefore as a principal to the crime of armed robbery two counts.
A. Yes, sir.
¶ 12. Wortham clearly admitted that he actively participated in the plan to rob two people, that he knew they were going to be robbed, and that he was involved in robbing them. He admitted that he was guilty as an accessory before the fact. A person who aids, assists, or encourages another to commit a crime is as guilty as the principal. Griffin v. State, 242 Miss. 376, 380-82, 135 So.2d 198, 199-200 (1961). Accordingly, there was a factual basis for Wortham's guilty plea and Wortham's counsel was not ineffective for allowing Wortham to plead guilty. Additionally, it is important to note that Wortham *972 faced the possibility of two consecutive life sentences if he was found guilty of both counts of robbery with a deadly weapon. By pleading guilty to two counts of armed robbery, Wortham avoided that possibility. What is more, the State agreed to drop two counts of conspiracy in exchange for Wortham's guilty pleas.
¶ 13. As for Wortham's indication that his co-defendant was a prior convicted felon while he had no previous criminal record, even if that is accurate, we fail to appreciate the bearing of that fact. Wortham did not receive an enhanced sentence.
¶ 14. Notwithstanding our finding that Wortham has failed to demonstrate a deficiency in his counsel's performance, Wortham has not demonstrated nor even alleged any prejudice that he might have experienced as a result. As such, Wortham has wholly failed to meet the second prong under Strickland. Accordingly, we find no merit to this issue.
III. WHETHER THE CIRCUIT COURT DENIED WORTHAM HIS RIGHTS TO DUE PROCESS WHEN IT ACCEPTED HIS GUILTY PLEA WITHOUT CONVENING A JURY.
¶ 15. In this issue, Wortham claims the circuit court violated his due process rights when it sentenced him without convening a jury. Wortham did not raise this issue in his motion for post-conviction collateral relief. As such, this issue is procedurally barred. Fuller v. State, 914 So.2d 1230(¶ 6) (Miss.Ct.App. 2005).
IV. WHETHER WORTHAM IS ENTITLED TO RELIEF DUE TO THE CUMULATIVE EFFECT OF ERRORS.
¶ 16. Wortham claims that he is entitled to post-conviction collateral relief because of the cumulative effect of errors. We have found no error. As such, Wortham can experience no cumulative effect. We decline to reverse the circuit court based on the cumulative effect of errors that do not exist.
¶ 17. THE JUDGMENT OF THE CALHOUN COUNTY CIRCUIT COURT DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.