ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. Earnest Jefferson, Jr., pled guilty to two charges of selling cocaine. Jefferson filed an unsuccessful motion for post-conviction relief in August 2007. Jefferson later filed a “petition for reduction of sentence.” The Lee County Circuit Court treated Jefferson’s petition as a motion for post-conviction relief and summarily denied it based on the prohibition against successive motions for post-conviction relief. Aggrieved, Jefferson appeals. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The record contains two documents titled “statement of facts” prepared by an undercover agent with the North Mississippi Narcotics Unit.
 
 [1]
 
 According to the first statement of facts, on June 22, 2006, the undercover agent and a confidential informant went to Jefferson’s house,’ where the confidential informant gave Jefferson $100 in exchange for four “large rocks of crack cocaine.” According to the second statement of facts, on July 12, 2006, the same undercover agent and the
 
 *82
 
 same confidential informant again went to Jefferson’s house. Similar to the first transaction with Jefferson, the agent and the confidential informant gave Jefferson $100 in exchange for “six rocks and some crumbs of crack cocaine.”
 

 ¶ 3. On October 20, 2006, a Lee County grand jury returned an indictment against Jefferson incident to the June 2006 transaction. That cause, designated as CR06-727, charged Jefferson with selling cocaine in violation of Mississippi Code Annotated section 41-29-139(a) (Rev.2005). The grand jury also returned an indictment against Jefferson incident to the July 2006 transaction. Consequently, Jefferson was charged in two indictments with selling cocaine in violation of section 41-29-139(a).
 

 ¶4. On May 7, 2007, Jefferson pled guilty to both charges of selling cocaine. Pursuant to the prosecution’s recommendation, the circuit court sentenced Jefferson to two sentences of twenty years in the Mississippi Department of Corrections (MDOC) with fifteen years suspended and five years to serve followed by five years of post-release supervision on each sentence.
 

 ¶ 5. On August 23, 2007, Jefferson filed a motion for post-conviction relief. Jefferson claimed that: (1) he pled guilty involuntarily and unknowingly; (2) he received ineffective assistance of counsel; and (3) the circuit court’s sentence was excessive. On November 15, 2007, the circuit court summarily denied Jefferson’s motion for post-conviction relief.
 

 ¶ 6. On March 24, 2008, Jefferson filed a document styled as a “petition for reduction of sentence.” Jefferson requested that the circuit court “consider the sentence originally imposed and ... reduce the sentence to levels which are more representative of [the] rehabilitative goals of the criminal justice system.” Two days later, the circuit court entered an order. The circuit court stated that it considered Jefferson’s petition for reduction of sentence as a motion for post-conviction relief. The circuit court then found that Jefferson’s motion was procedurally barred pursuant to the statutory prohibition against successive writs. Consequently, the circuit court summarily denied Jefferson’s motion. Jefferson appeals.
 

 STANDARD OF REVIEW
 

 ¶ 7. In reviewing a circuit court’s decision to deny a motion for post-conviction relief, we will not disturb the circuit court’s factual findings unless they are clearly erroneous.
 
 Boyd v. State,
 
 926 So.2d 233, 235(¶ 2) (Miss.Ct.App.2005). However, we review questions of law de novo.
 
 Id.
 

 ANALYSIS
 

 ¶ 8. On appeal, Jefferson argues that he was not guilty of either count of selling cocaine. Additionally, Jefferson claims that he received ineffective assistance of counsel. Jefferson is procedurally barred from raising those issues for two reasons. First, Jefferson did not raise those issues in his petition for reduction of sentence. Failure to raise an issue before the circuit court renders that issue procedurally barred on appeal.
 
 Wortham v. State,
 
 952 So.2d 968, 972(¶ 15) (Miss.Ct.App.2006). Second, the circuit court properly treated Jefferson’s petition for reduction of sentence as a motion for post-conviction relief. Jefferson had filed a motion for post-conviction relief before he filed his petition for reduction of sentence. Successive motions for post-conviction relief are px*ohibited by Mississippi Code Annotated section 99-39-23(6) (Supp.2008).
 

 ¶ 9. Having found that Jefferson is procedurally barred due to his failure to raise his arguments in his petition for reduction
 
 *83
 
 of sentence and procedurally barred by the prohibition against successive writs, we find no error in the circuit court’s decision to summarily deny Jefferson’s petition for reduction of sentence. Accordingly, we affirm the judgment of the circuit court.
 

 ¶10. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . "The North Mississippi Narcotics Unit (NMNU) is a multi-jurisdictional narcotics task force charged with the responsibility of enforcing the criminal laws of the State of Mississippi regarding controlled substances. The Tupelo Police Department is the host agency for the NMNU.” http://www.ci.tupelo. ms.us/police/divisions/NM — narc—unit.htm (last visited on June 16, 2009).