506 So.2d 994 (1987)
Robert H. JACKSON
v.
STATE of Mississippi.
No. 57651.
Supreme Court of Mississippi.
May 6, 1987.
Robert H. Jackson, pro se.
Edwin Lloyd Pittman, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and SULLIVAN, JJ.
DAN M. LEE, Justice, for the Court:
This appeal under the Post-Conviction Collateral Relief Act, §§ 99-39-1, et seq., arises out of a plea of guilty entered by the appellant in the Circuit Court of Warren County in 1979.
Robert H. Jackson was indicted for capital murder as an habitual offender in the death of Josephine Todd during the burglary of her home on June 4, 1979. He was sentenced to life in prison without parole. Sec. 99-19-81 Ms.Code Ann. (1972).
By motion to vacate filed April 21, 1986, Jackson complained that his court-appointed attorneys inadequately investigated the previous convictions on which the habitual offender portion of the indictment was based and induced him to plead guilty by assuring him he would, under a pre-arranged plea agreement, plead to the reduced charge of manslaughter. His claim regarding the plea agreement is supported by an affidavit from two family members who aver that they understood from Jackson's attorneys that the charge would be reduced to manslaughter, and a letter from his attorney recalling that the plea bargain was to be manslaughter. No transcript of the guilty plea or waiver or rights form signed by the appellant appear in the record.
In the lower court the state asserted the three-year bar under § 99-39-5(2). The court's order dismissed the motion without hearing based on the procedural bar and "on the basis of its merit."
*995 In Odom v. State, 483 So.2d 343 (Miss. 1986), we held that the three year limitation of the Post-Conviction Collateral Relief Act operates prospectively. Although this error was not assigned by the appellant, who appears pro se, the lower court was plainly in error in holding that time bar applicable to this appellant. Sup.Ct. Rule 6(b).
We therefore reverse and remand the case for development of the facts of Jackson's substantive claim, either through review of the transcript of the guilty plea, if sufficient, or through an evidentiary hearing.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.