# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00892-SCT

*DAVID HARBIN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/11/95 |
| TRIAL JUDGE: | HON. EUGENE M. BOGEN |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY GORE |
| DISTRICT ATTORNEY | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | AFFIRMED - 6/19/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/10/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND ROBERTS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

On June 13, 1989, David Harbin was indicted for the offense of manslaughter in the Circuit Court of Washington County, Mississippi, in Cause No. 21,262. On January 24, 1990, Harbin entered a plea of guilty to the offense of manslaughter and was sentenced to a term of ten years in prison. The trial judge ordered Harbin to serve four years of the sentence and suspended the remaining six years of the sentence. Five of the six years that were suspended were to be under supervised probation.

Harbin served four years in prison and was released under supervised probation. After his release from prison, Harbin's probation was revoked on September 12, 1994, for aggravated assault and possession of a firearm by a convicted felon.

On May 11, 1995, Harbin filed a Petition for Writ of Habeas Corpus, or in the alternative, a Motion

to Vacate and Set Aside the Sentence in the Circuit Court of Washington County, Mississippi. On May 24, 1995, the Circuit Court entered an Order of Dismissal of Harbin's petition finding that the three-year statute of limitations under the Post-Conviction Collateral Relief Act had expired. On June 2, 1995, Harbin filed a Motion to Reconsider and that motion was dismissed by the Circuit Court on July 11, 1995. From this order, Harbin filed a Notice of Appeal to this Court stating that the Circuit Court was statutorily barred from sentencing him to supervised probation, therefore, he should be released from prison.

Prior to his conviction in 1989, Harbin was convicted of aggravated assault and sentenced to prison in 1984. *See Harbin v. State*, 478 So. 2d 796 (Miss. 1985). A defendant with a prior felony conviction is not eligible to receive a suspended sentence. Miss. Code Ann. § 47-7-33. This error in sentencing serves as the basis for Harbin's appeal.

## STATEMENT OF THE ISSUES

**I. WAS APPELLANT'S SENTENCE OF PROBATION UNLAWFULLY IMPOSED AND THE COURT WITHOUT JURISDICTION TO REVOKE SAID SENTENCE?**

**II. IS APPELLANT BEING UNLAWFULLY AND ILLEGALLY HELD IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS?**

**III. WAS APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT THE PROBATION REVOCATION HEARING IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS AS GUARANTEED UNDER THE U.S. CONSTITUTION?**

## ANALYSIS

All of Harbin's arguments are without merit. They are also time barred under Miss. Code Ann. § 99-39-5(2), which allows for a three-year period to file for Post Conviction Relief. *Lockett v. State*, 656 So. 2d 68, 71 (Miss. 1995); *Lockett v. State*, 656 So. 2d 76, 78-79 (Miss. 1995); *Freelon v. State*, 569 So. 2d 1168, 1169 (Miss. 1990); *Jackson v. State*, 506 So. 2d 994, 995 (Miss. 1987); *Odom v. State*, 483 So. 2d 343, 344 (Miss. 1986). Harbin filed for relief more than five years after his conviction. Therefore, Harbin's claims are time barred and no relief will be granted.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**