## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00551-SCT

*JAMES PILCHER*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 3/26/97 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JO ANNE M. McLEOD |
| DISTRICT ATTORNEY: | RONNIE L. HARPER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/18/97 |
| MOTION FOR REHEARING FILED: | 1/9/98 |
| MANDATE ISSUED: | 3/31/98 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

On March 26, 1997, the Circuit Court of Carroll County denied James Pilcher's motion to vacate his sentence for murder holding that he was procedurally time barred. Aggrieved, Pilcher appeals to this Court, assigning as error the following issue.

**I. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S MOTION TO VACATE HIS SENTENCE.**

### FACTS

In December 1971, James Pilcher was tried and convicted of Capital Murder and sentenced to death. On June 4, 1974, this Court affirmed Pilcher's conviction, but set aside his death sentence remanding the case to the trial court for sentencing. *Pilcher v. State*, 296 So.2d 682 (Miss. 1974). The trial

court then sentenced Pilcher to life imprisonment in the custody of the Mississippi Department of Corrections.

On February 10, 1997, Pilcher filed a motion to vacate his sentence pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. In this motion Pilcher claims that his life sentence should be vacated because at the time he was sentenced the jury was charged with imposing a sentence for the crime of murder.

## DISCUSSION

## I. PILCHER'S CLAIM IS AN EXCEPTION TO THE PROCEDURAL TIME BAR.

The Mississippi Uniform Post-Conviction Collateral Relief Act provides:

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgement of conviction.

Miss. Code Ann. § 99-39-5(2)(1994). Pilcher's appeal, affirming his conviction for murder, was decided on June 4, 1974. The Mississippi Post-Conviction Collateral Relief Act did not go into effect until April 17, 1984. This Court has held that when a petitioner was sentenced before the Mississippi Post-Conviction Collateral Relief Act went into effect, the petitioner has three years from the date the Act went into effect. ***Campbell v. State***, 611 So.2d 209, 210 (Miss. 1992); *(citing **Jackson v. State**, 506 So.2d 994, 995 (Miss. 1987)).* Therefore, Pilcher and other petitioners sentenced before the enactment of the Mississippi Post Conviction Collateral Relief Act had until April 17, 1987 to file motions for post conviction relief. Pilcher did not file his motion to vacate his sentence until February 10, 1997. Thus, Pilcher is almost ten years late in filing this petition.

There are, however, some exceptions to the procedural time bar. For example, if a circuit court exceeds its statutory authority in sentencing, that court has violated one of the defendant's fundamental Constitutional rights and the claim will be exempt from the procedural bar. ***Kennedy v. State***, 626 So.2d 103, 105 (Miss 1993). In the case *sub judice* Pilcher makes such a claim. Therefore, Pilcher overcomes the procedural bar.

## II. WHETHER PILCHER'S MOTION TO VACATE HIS SENTENCE SHOULD BE GRANTED.

Pilcher contends that when his case was remanded he was sentenced by the trial judge when he should have been sentenced by the jury. The jury convicted Pilcher in December 1971. Pilcher's case was remanded in 1974 at which time the trial court sentenced him to life imprisonment. He now asserts that the trial court erred because the law in 1971 stated that a jury not a judge should impose the sentence for murder. Indeed, Pilcher's assertion is correct. The statute governing murder in 1971 reads:

> Every person who shall be convicted of murder shall suffer death, unless the jury rendering the

verdict shall fix the punishment at imprisonment in the penitentiary for the life of the convict; or unless the jury shall certify its disagreement as to the punishment as provided by Section 1293 [Code of 1930; § 2536, Code of 1942] in which case the court shall fix the punishment at imprisonment for life.

Miss. Code Ann. § 2217 (1942). At Pilcher's trial, the jury sentenced him to death in accordance with this statute. However, when his case was remanded the judge, rather than the jury, imposed his life sentence.

Pilcher's second sentence was imposed in 1974. The law changed between 1971 and 1974 and the 1974 law reads:

> Every person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the state penitentiary. Every person who shall be convicted of capital murder shall be sentenced by the court to death.

Miss. Code Ann § 97-3-21(Supp. 1974). Thus, the judge sentenced Pilcher according to the statute in effect at the time of sentencing, not the statute effective at the time of Pilcher's conviction. This is harmless error. This Court had already vacated Pilcher's death sentence. *Pilcher v. State*, 296 So.2d 682 (Miss. 1974). Both statutes provide that when a defendant convicted of murder is not sentenced to death the only other option is to sentence him to life in prison. The only difference is that the 1971 statute provides that the jury, not the judge, sentence the defendant for life. In the case *sub judice* Pilcher would have been sentenced to life imprisonment under either statute. The fact that he was sentenced by a judge rather than a jury is harmless error. Since the mandated outcome is the same under either statute we affirm the lower court's denial of Pilcher's motion to vacate his sentence.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**