# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CT-00074-SCT

*ROBERT H. JACKSON*

*v.*

*STATE OF MISSISSIPPI*

## ON MOTION FOR REHEARING ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/2007 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PRO SE |
| | DAVID McCARTY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN R. HENRY, JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 07/28/2011 |
| MOTION FOR REHEARING FILED: | 04/15/2010 |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing filed by the State is granted. The previous opinion is withdrawn, and this opinion is substituted therefor.

¶2. Since his 1979 conviction for capital murder, Robert H. Jackson has filed multiple, unsuccessful motions and applications for post-conviction relief (PCR). The trial court dismissed Jackson's most recent motion, and the Court of Appeals affirmed. We granted Jackson's pro se petition for writ of certiorari. We conclude that the trial court erroneously dismissed Jackson's PCR motion, so we reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

¶3.    Robert H. Jackson was indicted for capital murder for killing Josephine Todd during the burglary of her home in Vicksburg, Mississippi, on June 4, 1979.[1]  Soon after his arrest, Jackson gave a statement to police, detailing the events surrounding the burglary.  Jackson stated that he "had entered Mrs. Todd's Apartment, tied her hands, placed a cloth over her mouth, looked through the drawers in her apartment, had found some money, took Mrs. Todd's purse, removed [the] restraints from her hands and pulled [the] gag off [her] mouth and left through [the] front door of [the] apartment."  Mrs. Todd died from asphyxiation.  The State indicted Jackson as a habitual offender.  The indictment charged Jackson as follows:

> The Grand Jurors of the State of Mississippi, elected, summoned, empaneled, sworn, and charged to inquire in and for the body of Warren County, State of Mississippi, at the term aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present that ROBERT H. JACKSON, late of the County aforesaid, on or before the 4th day of June, A.D., 1979, with force and arms, in the County aforesaid, and within the jurisdiction of this Court did feloniously, wilfully, and of his malice aforethought, kill and murder Josephine Todd, a human being, with or without the design of the said Robert H. Jackson to effect the death of the said Josephine Todd, at a time when the said Robert H. Jackson was then engaged in the commission of the crime of Burglary of the dwelling house of the said Josephine Todd, contrary to the provisions of Section 97-3-19(2)(e) of the Mississippi Code of 1972, as amended. [C]ontrary to the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

---

[1] The capital-murder statute in effect in 1979 stated, in pertinent part, that "[t]he killing of a human being without the authority of law by any means or in any manner shall be capital murder . . . [w]hen done with or without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, kidnapping, arson or robbery, or in any attempt to commit such felonies[.]"  Miss. Code Ann. § 97-3-19(2)(e) (1977).

2

Jackson pleaded guilty to this charge, and he was sentenced as a habitual offender to life in prison without parole, pursuant to Mississippi Code Section 99-19-81 (1978).[2]

¶4. Pursuant to Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), Jackson filed a motion to vacate his conviction and sentence on April 21, 1986. *See* Miss. Code Ann. § 99-39-5(1) (Rev. 2007). Jackson complained that his court-appointed attorneys had inadequately investigated the previous convictions on which the habitual-offender portion of the indictment was based, and that his guilty plea had been induced involuntarily because his attorneys had assured him he would, under a prearranged plea agreement, plead to the reduced charge of manslaughter.[3] In the trial-court proceedings on Jackson's 1986 motion for PCR, the State asserted the three-year statute of limitations under Mississippi Code Section 99-39-5(2). The trial court dismissed Jackson's 1986 PCR motion without a hearing based on the procedural bar of the statute of limitations and "on the basis of its merit."

¶5. On appeal, this Court held that the three-year limitation period of the UPCCRA operates prospectively. *Jackson v. State*, 506 So. 2d 994, 994-95 (Miss. 1987) ("*Jackson I*")

---

[2] Section 99-19-81 requires habitual offenders to "be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended *nor shall such person be eligible for parole* or probation." Miss. Code Ann. § 99-19-81 (Rev. 2007) (emphasis added).

[3] Jackson's claim regarding the plea agreement was supported by a letter from his attorney recalling that the plea bargain was to be manslaughter, and an affidavit from two of Jackson's family members who averred that they had understood from Jackson's attorneys that the charge would be reduced to manslaughter. No transcript of the guilty plea or waiver-of-rights form signed by Jackson appeared in the record before this Court in Jackson's first post-conviction-relief appeal. *Jackson v. State*, 506 So. 2d 994, 994-95 (Miss. 1987) ("*Jackson I*").

3

(citing *Odom v. State*, 483 So. 2d 343 (Miss. 1986)).[4] Therefore, we found that the trial court clearly was in error for applying the time bar to Jackson. We reversed the trial court's dismissal of Jackson's 1986 PCR motion and remanded the case for development of the facts of Jackson's substantive claim, either through review of the transcript of the guilty plea, if sufficient, or through an evidentiary hearing.

¶6. Upon remand, the trial court issued an order on January 27, 1989, either dismissing or denying Jackson's PCR motion. Jackson appealed that order to this Court, which affirmed without opinion on October 24, 1990. *Jackson v. State*, 568 So. 2d 1212 (Miss. 1990) (No. 89-KP-00272) ("*Jackson II*"). Jackson filed another PCR motion in the trial court in 1993. The trial court either dismissed or denied this motion as well, issuing its order on February 26, 1993. Jackson appealed, and on December 7, 1995, this Court affirmed, once again without opinion. *Jackson v. State*, 665 So. 2d 1356 (Miss. 1995) (No. 93-KP-01208) ("*Jackson III*").

¶7. In 1997, this Court decided *State v. Berryhill*, 703 So. 2d 250 (Miss. 1997). We relied on two previous cases to hold that when a person is indicted for capital murder predicated on burglary, the indictment must state the underlying offense that comprised the burglary.[5]

---

[4] The UPCCRA was enacted on April 17, 1984. So "[i]ndividuals convicted prior to April 17, 1984, ha[d] three (3) years from April 17, 1984, to file their petition for post conviction relief." *Odom v. State*, 483 So. 2d 343, 344 (Miss. 1986).

[5] The crime of burglary requires the breaking and entering of a dwelling of another with the intent to commit *another crime* therein. Miss. Code Ann. § 97-17-23 (Rev. 2006).

***Berryhill***, 703 So. 2d at 254-56. *See **Lambert v. State***, 462 So. 2d 308, 311 (Miss. 1984); ***Moore v. State***, 344 So. 2d 731, 735 (Miss. 1977).

¶8.     On March 29, 1999, Jackson filed an application in this Court for leave to proceed in the trial court with a new PCR motion (No. 1999-M-00547). The basis of Jackson's proposed PCR motion was that newly discovered evidence could raise a reasonable doubt as to whether Jackson had, in fact, caused Josephine Todd's death. On August 6, 1999, a panel of this Court denied Jackson's application, finding that "[a] prior application was denied by this Court in case no. 89-K[P]-00272." So we held simply that "Jackson's present motion is barred as a successive writ pursuant to Miss. Code Ann. § 99-39-27(9)."

¶9.     On January 17, 2002, Jackson again sought leave of this Court to pursue post-conviction relief in the trial court (No. 2001-M-00864). In Jackson's proposed PCR motion, attached to his application, Jackson argued for the first time that ***Berryhill*** is an intervening decision of this Court which invalidates his indictment, or at least the capital portion thereof. Jackson also argued that his indictment was defective because it failed to include the phrase "without the authority of law," a required element of capital murder. Without addressing the substantive merits of Jackson's claims, a panel of this Court denied Jackson's application on June 6, 2002, finding that "the petition [was] procedurally barred as a successive writ pursuant to Miss. Code Ann. § 99-39-27(9)."

¶10.    On March 1, 2004, Jackson filed a document entitled "Petition for Extraordinary Circumstances Review," which this Court treated as another application for permission to seek post-conviction relief in the trial court (No. 2003-M-01858). Jackson again argued that

5

this Court should apply **Berryhill** and invalidate his indictment and that the indictment was otherwise defective for omitting the phrase "without the authority of law." Jackson also argued that this Court unconstitutionally and unreasonably had applied the successive-writ procedural bar to his 1999 and 2002 applications. Once again, however, without addressing its merits, this Court denied Jackson's application on July 19, 2004, finding it, "like others filed previously by Jackson, [to be] barred as a successive writ pursuant to Miss. Code Ann. § 99-39-27(9)."[6]

¶11.　Undeterred, Jackson filed the instant PCR motion in the circuit court on November 14, 2007. In this motion, Jackson again argued that his capital-murder indictment was constitutionally insufficient under **Berryhill** and because it omitted the phrase "without the authority of law." Based on this Court's dispositions of Jackson's 2002 and 2004 applications, the circuit court dismissed Jackson's 2007 PCR motion on December 4, 2007, finding it to be barred as a successive writ. Jackson appealed on January 7, 2008, and the case was assigned to the Court of Appeals.[7]

---

[6] Beginning after the denial of his 2002 application, and continuing after the denial of his 2004 application, Jackson filed several documents in this Court seeking certiorari, mandamus, "discretionary review," rehearing, and reconsideration of the denials. Jackson continued to raise his arguments concerning **Berryhill** and the phrase "without the authority of law" in all of those filings. But this Court denied all of those motions without addressing their substantive merits.

[7] The State asserted in its appellate brief that Jackson's notice of appeal was untimely. Although Jackson has asserted his rights under the so-called "prison mailbox rule," the record before us contains no evidence of the date when Jackson delivered his notice of appeal to prison officials. Nonetheless, "because procedures for *criminal* appeals apply to post-conviction relief proceedings, Miss. Code Ann. § 99-39-25(1); **Williams v. State**, 456 So. 2d

¶12.    The Court of Appeals affirmed the trial court's dismissal of Jackson's latest PCR motion, explaining that "Jackson's motion is procedurally barred as an impermissible subsequent attempt to obtain post-conviction relief, as Jackson has failed to show that it falls within any of the statutory exceptions to the successive-writ bar." *Jackson v. State*, 2009 WL 441440, \*2 (Miss. Ct. App. Feb. 24, 2009).  The Court of Appeals also held that "the circuit court was without jurisdiction to entertain Jackson's motion absent leave of the supreme court, which Jackson did not obtain[,]" because this Court had "last exercised jurisdiction in the case." *Id.* (citing *Perry v. State*, 759 So. 2d 1269, 1270 (Miss. Ct. App. 2000); Miss. Code Ann. § 99-39-7 (Rev. 2007)).

¶13.    Jackson filed his petition for a writ of certiorari, arguing that this Court had jurisdiction to determine his PCR motion and that his motion was excepted from procedural bars.  The State did not respond to Jackson's petition.  We granted the petition, and in our original opinion, we reversed Jackson's capital-murder conviction.  We held (1) that the trial court did have jurisdiction to consider Jackson's 2007 PCR motion but that this Court could reach the merits of properly filed PCR motions that had been dismissed or denied; (2) that his motion was excepted from procedural bars; (3) that *Berryhill* voided the capital portion of Jackson's indictment; and (4) that his indictment did not charge simple murder or manslaughter, since

---

1042, 1043 (Miss. 1984) [*superceded by rule as stated in **Harris v. State***, 826 So.2d 765, 767 (Miss. Ct. App. 2002], [this] Court may suspend the rules and extend the time for taking an appeal in th[e]se proceedings." Miss. R. App. P. 2(c) cmt.  We hereby suspend the operation of the thirty-day appeal time under Rule 4(a) of the Mississippi Rules of Appellate Procedure, and hold that Jackson's notice of appeal, filed thirty-four days after the trial court's entry of judgment, was timely.

7

it omitted the words "without the authority of law." Finding that the indictment charged no crime, we remanded without prejudice to the State's right to proceed with a properly drawn indictment.

¶14. The State filed a motion for rehearing, arguing (1) that the trial court rather than this Court should consider the PCR motion; (2) that since **Berryhill** had not been applied retroactively, the case could not satisfy Jackson's intervening-decision claim, and (3) that Jackson's indictment was not defective for omitting the phrase "without the authority of law" or "unlawfully" because it included the word "feloniously."

¶15. After further review, we find errors of law, and we withdraw our original opinion and substitute this opinion, reversing the Court of Appeals' decision and the trial court's dismissal and remanding this case to the trial court for further post-conviction-relief proceedings. We find that the Warren County Circuit Court should exercise initial jurisdiction over Jackson's PCR motion.

## DISCUSSION

¶16. A trial court's dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. **Brown v. State**, 731 So. 2d 595, 598 (Miss. 1999). However, when issues of law are raised, the proper standard of review is *de novo*. **Id.**

### I. Jurisdiction

¶17. Mississippi Code Section 99-39-5 provides that "[a]ny person sentenced by a court of record of the State of Mississippi . . . may file a *motion* to vacate, set aside or correct the

8

judgment or sentence [based on several applicable criteria]." Miss. Code Ann. § 99-39-5 (Rev. 2007) (emphasis added). Where there has been no direct appeal of his conviction or sentence, the prisoner must file this PCR *motion*, sometimes called a "PCR petition," "as an original civil action in the trial court." Miss. Code Ann. § 99-39-7 (Rev. 2007). But if the prisoner's conviction and sentence were directly appealed, and either the conviction was affirmed or the appeal dismissed by this Court, then he must file an *application* in this Court for leave to proceed in the trial court and include the proposed PCR motion with his application. Miss. Code Ann. §§ 99-39-7 (Rev. 2007) and 99-39-27 (Supp. 2010).

¶18. Because Jackson pleaded guilty in 1979, a direct appeal of his conviction was not permitted. Miss. Code Ann. § 99-35-101 (Rev. 2007). Because there has been no direct appeal of his conviction or sentence, Jackson must file his PCR motions in the trial court. Miss. Code Ann. § 99-39-7 (Rev. 2007). *See Martin v. State*, 556 So. 2d 357, 359 (Miss. 1990) (citing *McDonall v. State*, 465 So. 2d 1077 (Miss. 1985)) ("In cases where the prisoner has entered a plea of guilty, the trial court has exclusive, original jurisdiction to hear and determine a petition for post-conviction relief."). Jackson's original, 1986 "motion to vacate" and his PCR filings in 1993 and 2007 were properly filed PCR *motions*. But Jackson incorrectly filed in this Court three *applications* for leave to proceed in the trial court (*i.e.*, to get permission to file new PCR *motions* in the trial court), in 1999, 2002, and 2004. This Court *denied* all three applications, finding them to be impermissible successive writs under Section 99-39-27(9).

9

¶19.    When we characterized our disposition of Jackson's 1999 application as a *denial*, we were stating that the merits of the PCR motion had been reviewed and rejected or that his arguments were barred on *res judicata* or waiver grounds.  *See* Miss. Code Ann. § 99-39-27(9) (Rev. 2007).  This was not the case.  We did not make a "final determination going to the merits of the underlying conviction and sentence."  *Martin*, 556 So. 2d at 359.  Nonetheless, we had, in fact, "exercised jurisdiction" over Jackson's PCR proceedings, and "[t]here is . . . general language in our prior cases to the effect that the court to last exercise jurisdiction in the case has exclusive, original jurisdiction over the post-conviction petition."  *Martin*, 556 So. 2d at 359 (citation omitted); *McDonall*, 465 So. 2d at 1078.  Based on these authorities, the trial court and the Court of Appeals found that, when we "denied" Jackson's 1999 application, we assumed jurisdiction over Jackson's PCR proceedings to the exclusion of the trial court.  But the cases cited above presupposed that this Court had proper jurisdiction to exercise, which is not the case here.

¶20.    Pursuant to Section 99-39-7 and *Martin*, this Court was without jurisdiction to consider Jackson's 1999, 2002, and 2004 applications for leave to proceed in the trial court, because Jackson's conviction and sentence were never directly appealed.  Miss. Code Ann. § 99-39-7 (Rev. 2007); *Martin*, 556 So. 2d at 358.  The only way in which this Court properly could have considered Jackson's PCR filings would have been if Jackson had first presented his PCR motion to the trial court, that court had denied relief, and Jackson had appealed that decision to this Court pursuant to Section 99-39-25.  Miss. Code Ann. § 99-39-25 (Rev.

10

2007);[8] *Martin*, 556 So. 2d at 358. Regarding Jackson's misfiled applications, this had not happened, so this Court did not have subject-matter jurisdiction to entertain those applications, at first instance, or the merits of the PCR motions attached thereto.[9]

¶21. Put simply, the fatal flaw in Jackson's 1999, 2002, and 2004 applications was not that they were successive writs, but that they were filed in the wrong court. So we improperly exercised jurisdiction and *denied* Jackson's applications. Miss. Code Ann. § 99-39-7 (Rev. 2007). We should have merely *dismissed* the applications without prejudice for being filed in the wrong court and directed Jackson to file his PCR motions in the trial court. *Martin*, 556 So. 2d at 358 ("this post-conviction relief action initiated by Martin must be dismissed without prejudice as having been filed in the wrong court"). We routinely dismiss mistakenly filed applications, but such action by this Court does not strip the trial court of jurisdiction. *Martin*, 556 So. 2d at 359.

¶22. Therefore, as this Court was without jurisdiction to entertain them, we vacate and set aside our denials of Jackson's 1999, 2002, and 2004 applications. While Section 99-39-25 gives this Court jurisdiction to address Jackson's dismissed 2007 PCR motion, the Warren

---

[8] "A final judgment entered under this article may be reviewed by the supreme court of Mississippi on appeal brought either by the prisoner or the state on such terms and conditions as are provided for in criminal cases." Miss. Code Ann. § 99-39-25(1) (Rev. 2007).

[9] If a prisoner's conviction and sentence were never directly appealed, then, pursuant to Sections 99-39-7 and 99-39-27, this Court is not permitted to entertain the prisoner's PCR motion until it has been ruled upon by the circuit court and appealed to this Court under Section 99-39-25. Miss. Code Ann. §§ 99-39-7, 99-39-27, and 99-39-25 (Rev. 2007); *Martin*, 556 So. 2d at 358-59.

11

County Circuit Court should exercise initial jurisdiction over Jackson's PCR proceedings. Miss. Code Ann. §§ 99-39-25(1), 99-39-7 (Rev. 2007)

## II.     UPCCRA Successive-Writ Bar

¶23.    Mississippi's UPCCRA includes several procedural bars, but we limit our discussion to the successive-writ bar, the one addressed by the trial court and the Court of Appeals.

¶24.    Based on this Court's dispositions of Jackson's 2002 and 2004 applications, the circuit court dismissed Jackson's 2007 PCR motion, finding it to be barred as a successive writ pursuant to Section 99-39-23(6), and the Court of Appeals agreed. *Jackson*, 2009 WL 441440, at *2. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2007).

¶25.    Section 99-39-23(6) provides the successive-writ bar for PCR motions. It states that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Rev. 2007).

¶26.    Here, we have vacated our denials of Jackson's 2002 and 2004 applications – the denials that prompted the trial court to apply the successive-writ bar. Therefore, we reverse the trial court's dismissal of Jackson's motion under the successive-writ bar. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2007).

¶27.    In sum, Jackson properly filed his 2007 PCR motion in the trial court under Sections 99-39-5 and 99-39-7, and he properly appealed the trial court's dismissal of the motion, as a successive writ, to this Court under Section 99-39-25. We recognize that the trial court dismissed the motion as a successive writ based on our 2002 and 2004 denials of Jackson's

applications, and that the Court of Appeals interpreted our denials as rejections of Jackson's arguments. But, having set aside our denials, we reverse the trial court's dismissal and the Court of Appeals' decision. Since the appellate record does not resolve the issues raised, we remand to the trial court for further post-conviction-relief proceedings.

## CONCLUSION

¶28.  As this Court was without jurisdiction to entertain them, we vacate and set aside our denials of Jackson's 1999, 2002, and 2004 applications. Although this Court has jurisdiction to address Jackson's dismissed 2007 PCR motion, the Warren County Circuit Court should exercise initial jurisdiction over Jackson's PCR proceedings. We reverse the decision of the Court of Appeals and the trial court's dismissal and remand this case to the trial court for further post-conviction-relief proceedings.

¶29.  **REVERSED AND REMANDED.**

**CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. DICKINSON, P.J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. KING, J., NOT PARTICIPATING.**