ISHEE, J„
for the Court:
¶ 1. Timothy Edward Myers pleaded guilty in 1996 in the Jackson County Circuit Court to one count of kidnapping. He was sentenced as a habitual offender to thirty years, all to be served in the custody of the Mississippi Department of Corrections (MDOC). In 1999, Myers filed a motion for post-conviction relief (PCR), which was denied, and he appealed. This Court reversed his sentence and remanded the case for a new hearing, finding that the State had breached the plea-bargain agreement made with Myers.[1] In May 2001, Myers was resenteneed, in accordance with the plea-bargain agreement, as a habitual offender to twenty-five years in the custody of the MDOC. In June 2012, Myers filed another PCR motion. The circuit court dismissed this subsequent PCR motion as time-barred and successive-writ barred. Myers appeals. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On December 20, 1995, Myers was indicted for one count of kidnapping and one count of felony child abuse. The charges stemmed from offenses against a seven-year-old girl on September 28, 1995. On August 26, 1996, the indictment was amended to allege habitual-offender status. A trial began on August 27,1996.
¶ 3. Following voir dire of the jury, Myers and the State reached an agreement. They agreed that Myers would plead guilty to the charge of kidnapping and the State, in return, would drop the charge of felony child abuse and recommend a twenty-five-year sentence as a habitual offender at a separate sentencing hearing. However, at the separate hearing, the district attorney recommended thirty years instead of the previously agreed upon twenty-five years. Based on this recommendation, Myers was subsequently sentenced as a habitual offender to thirty years in the custody of the MDOC.
¶ 4. In 1999, Myers filed a PCR motion seeking to withdraw his guilty plea. The circuit court denied the motion and Myers appealed. On appeal, Myers argued that no factual basis for his crime was shown at the plea hearing; he was not informed of the minimum and maximum sentences; the prosecution breached the plea-bargain agreement; and he received ineffective assistance of counsel. This Court found that the only meritorious issue concerned the prosecution’s failure to comply with the plea-bargain agreement.[2] As such, this Court reversed the sentence imposed and remanded the case for a new hearing to *114 determine whether Myers could withdraw his plea, and, if not, to sentence Myers according to the original plea-bargain agreement with the State.
¶ 5. At the conclusion of the new hearing, the circuit court determined that there was no sufficient reason to allow Myers to withdraw his guilty plea. Pursuant to the original plea-bargain agreement, Myers was resentenced as a habitual offender to twenty-five years in the custody of the MDOC. On June 20, 2012, Myers filed his second PCR motion. The circuit court dismissed the subsequent PCR motion, finding that it was time-barred and successive-writ barred. Myers now appeals.
DISCUSSION
¶ 6. A trial court’s dismissal of a PCR motion will not be disturbed unless the decision was clearly erroneous. Jackson v. State, 67 So.3d 725, 730 (¶ 16) (Miss.2011) (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)). Questions of law are reviewed de novo. Id.
¶ 7. Myers argues that the circuit court’s denial of his PCR motion was plain error because the State failed, at his original sentencing in 1996, to prove that he was a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007). As such, he asserts that the circuit court failed to conduct a proper sentencing hearing requiring the State to prove each and every element of section 99-19-81. Myers also contends that the circuit court erred in how it conducted a new sentencing hearing on remand, as directed by this Court. He asserts that the circuit court again failed to require the State to prove the elements of section 99-19-81.
¶ 8. Mississippi Code Annotated section 99-39-5(2) (Supp.2013) provides:
A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.
Myers filed his second PCR motion on June 20, 2012, challenging both his 1996 sentencing hearing and his 2001 resentenc-ing hearing. The three-year statute of limitations expired on May 11, 2004. On its face, Myers’s PCR motion appears time-barred.
¶ 9. Section 99-39-5(2)(a)-(b) provides three exceptions to the general three-year statute of limitations. To be exempt, a movant must show one of the following: (1) an intervening decision of a higher court; (2) new evidence, not reasonably discoverable at trial; or (3) his sentence has expired, or his parole, probation, or conditional release has been unlawfully revoked. Miss.Code. Ann. § 99-39-5(2)(a)-(b). Further, the Mississippi Supreme Court has found that “[ejrrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act].” Rowland v. State, 42 So.3d 503, 506 (¶ 12) (Miss.2010).
¶ 10. While these exceptions do exist, Myers has failed to offer any proof that an exception applies to this case. “This court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate ‘a claim procedurally alive substantially showing the denial of a state or federal right.’” Hughes v. State, 106 So.3d 836, 839 (¶ 4) (Miss.Ct.App.2012) (citation omitted). Accordingly, Myers’s PCR motion is barred by the three-year statute of limitations. Thus, we affirm the circuit court’s judgment.
*115 ¶11. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Myers v. State, 770 So.2d 542, 543 (¶ 1) (Miss.Ct.App.2000).

. Myers, 770 So.2d at 550 (¶ 36).