# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01198-COA

**DAVID CARTER**                                                          **APPELLANT**

**v.**

**MARY CARTER**                                                          **APPELLEE**

DATE OF JUDGMENT:               07/22/2019
TRIAL JUDGE:                    HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:      COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         DAVID CARTER (PRO SE)
ATTORNEY FOR APPELLEE:          MARY CARTER (PRO SE)
NATURE OF THE CASE:             CIVIL - DOMESTIC RELATIONS
DISPOSITION:                    AFFIRMED IN PART; REVERSED AND
                                RENDERED IN PART - 10/06/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., LAWRENCE AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     After a county court found that an ex-wife was entitled to a final domestic protection order, the ex-husband appealed to circuit court. The circuit court held it did not have jurisdiction because the order was interlocutory.

¶2.     Because the order was final and there is a statutory right of appeal, we reverse and render. However, because the statute provides a right to appeal to the chancery court, not the circuit court, we affirm the finding of a lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶3.     In the fall of 2018, Mary Carter filed a petition for a domestic abuse protection order in the County Court of Coahoma County. She alleged that her ex-husband, David, had been

verbally abusive to their two children and threatened "bodily harm" toward her and her boyfriend. For his part, David contended that Mary exhibited narcissistic personality traits and had physically abused the two children.

¶4. During a hearing, and on cross-examination by David, his own therapist told him, "You are not well," and she believed his visitation with his children required supervision. At the conclusion of the hearing, the county court ordered a drug test for both parents. Mary ultimately tested negative; David tested positive for amphetamines, cocaine, and opioids.

¶5. On October 31, 2018, the county court issued a final domestic abuse protection order. It found that David had physically threatened Mary, issued wild accusations against her, "failed a drug test[,] and his counselor testified he was unstable and it was a danger for him to have overnight visitation with his children." The order prevented David from contacting or being around Mary other than when they exchanged the children for visitation. It also altered his custody with his children to 8 a.m. to 5 p.m. every Saturday and the same on the first, third, and fourth Sundays of the month. The custody restrictions elapsed 180 days after issuance of the order, and the remainder expired on its own terms two years after issuance.

¶6. Eight days after the order was issued, David sought an appeal in the Coahoma County Circuit Court. He argued there were thirteen problems with the order, many of which centered on the process and not the substance of the order.

¶7. In the circuit court's order, it first noted that it only had jurisdiction of certain cases pursuant to the Constitution of 1890 and statutory law. The circuit court determined, "The issue here appears to be one of an interlocutory appeal—a temporary restraining order."

2

Interlocutory orders cannot be appealed directly, the circuit court reasoned, but only by permission of the Supreme Court under Mississippi Rule of Appellate Procedure 5. The circuit court concluded, "[b]ecause this Court lacks jurisdiction, this appeal is therefore DENIED."

¶8.     David appealed, and the case was assigned to this Court. David filed a pro se brief, but Mary did not respond.

**DISCUSSION**

¶9.     David raises three issues on appeal, asking whether the circuit court was wrong in classifying the final domestic abuse protective order as interlocutory, whether it erred in finding it did not have jurisdiction, and whether the circuit court erred in dismissing his appeal.

¶10.     "Our standard of review concerning questions of personal and subject matter jurisdiction is de novo." *Richardson v. Stogner*, 958 So. 2d 235, 237 (¶5) (Miss. Ct. App. 2007). We first look to the subject of the appeal before the circuit court. The contested order, a domestic abuse protective order, is a creature of statute and part of the Protection from Domestic Abuse Law, or the PDAL. *See generally* Miss. Code Ann. §§ 93-21-1 to -33 (Rev. 2018).

¶11.     Appeals from orders pursuant to PDAL are governed by statute. *See* Miss. Code Ann. § 93-21-15.1(2)(a) (Supp. 2019). However, a PDAL appeal does not proceed from county court to circuit court. Instead, "[a]ny party aggrieved by the decision of a county court to issue a final domestic abuse protection order or to deny such an order shall be entitled to an

appeal on the record in the chancery court having jurisdiction." Miss. Code Ann. § 93-21-15.1(2)(a).

¶12.   As a result, the circuit court was correct that it did not have jurisdiction over a final domestic abuse protection order arising under the PDAL.  By the plain language of the Legislature, only the chancery court has jurisdiction over appeals of this type.  While the basis for our determination is different, we affirm the finding of the circuit court that it did not have jurisdiction. *Puckett v. Stuckey*, 633 So. 2d 978, 980 (Miss. 1993) ("On appeal, we will affirm a decision of the circuit court where the right result is reached even though we may disagree with the reason for that result.").

¶13.   There is no distinction in the PDAL that classifies a final domestic abuse protection order as interlocutory and not subject to review.  The statute explicitly states that a final domestic abuse protection order is reviewable by the chancery court. Miss. Code Ann. § 93-21-15.1(2)(a).  Furthermore, even a temporary order is reviewable: "If the county court has issued a domestic abuse protection order as a temporary order instead of a final order . . . the chancery court shall permit the appeal on the record and shall treat the temporary order issued by the county court as a final order on the matter." Miss. Code Ann. § 93-21-15.1(2)(a).  Therefore, these types of orders are explicitly reviewable by the proper appellate court and not interlocutory in nature.

¶14.   Last, the circuit court ruled that it "denied" David's appeal.  A "denial" generally means a court has reached a finding on the merits. *See Jackson v. State*, 67 So. 3d 725, 730 (¶19) (Miss. 2011) (A denial means "the merits . . . had been reviewed and rejected," leading

4

to a "final determination."). In contrast, a "dismissal" does not reach the merits but "finally dispos[es] of an action, suit, motion, etc., without trial of the issues involved." *Dismissal*, Black's Law Dictionary 469 (6th ed. 1990).

¶15. The Supreme Court elaborated on this distinction in *Jackson*. The Court found that when it was without jurisdiction to hear a petition for post-conviction relief, it should not have denied the petition because that indicated it had reached the merits—even though "[t]his was not the case." *Jackson*, 67 So. 3d at 730 (¶19). Instead, the Court "should have merely *dismissed* the applications without prejudice for being filed in the wrong court and directed [the petitioner] to file his PCR motions in the trial court." *Id*. at 731 (¶21) (emphasis in original).

¶16. This subtle but important point applies in this case as well. Just as in *Jackson*, because the trial court lacked jurisdiction over the appeal, it should have dismissed it and allowed the litigant to file his appeal in chancery court as authorized by statute.

¶17. In conclusion, we affirm the circuit court's finding that it lacked jurisdiction but on other grounds because the appeal must be sought in chancery court. We reverse and render the circuit court's finding that the final domestic abuse protective order was interlocutory and not subject to appellate review because the statute authorizes an appeal from the order in chancery court. Last, we render that the disposition of the appeal in the lower court is a dismissal, not a denial. If David wishes to seek an appeal from the final domestic abuse protective order, he must do so in chancery court.

¶18. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

5

**WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR. BARNES, C.J., AND CARLTON, P.J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**