# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-00632-SCT

*ALBERTO GARCIA a/k/a ALBERTO JULIO*
*GARCIA*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/20/2021 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| TRIAL COURT ATTORNEYS: | ALEXANDER KASSOFF |
| | SCOTT A. C. JOHNSON |
| | CAROL RENÉ CAMP |
| | GREG RICHARD SPORE |
| | WILLIAM CROSBY PARKER |
| | CAMERON LEIGH BENTON |
| | LADONNA C. HOLLAND |
| | ALLISON KAY HARTMAN |
| | JOEL SMITH |
| | BENJAMIN HUMPHREYS McGEE |
| | TREASURE R. TYSON |
| | CANDICE LEIGH RUCKER |
| | BRAD ALAN SMITH |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF CAPITAL POST-CONVICTION COUNSEL |
| | BY: BENJAMIN HUMPHREYS McGEE |
| |     TREASURE R. TYSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BRAD ALAN SMITH |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | VACATED - 07/21/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

   **EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. Soon after this Court appointed counsel to represent death-row inmate Alberto Garcia in post-conviction proceedings in this Court challenging his death sentence, the Attorney General preemptively filed in the trial court a "Motion for Notice of and an Opportunity to Be Heard on Requests for Litigation Expenses." Relying on Mississippi Rule of Appellate Procedure 22(c)(3), the Attorney General asserted her office was entitled to notice and an opportunity to be heard on Garcia's requests for litigation expenses. Even though Garcia's counsel had made no such request, the trial court granted the motion.

¶2. We vacate this ruling, which is now before this Court on interlocutory appeal.

¶3. Under Rule 22(c)(3), the Attorney General is not entitled to notice and an opportunity to be heard on a request for litigation expenses that was never made—and will never be made—because Garcia's appointed attorneys are not compensated and reimbursed through court-approved expenses but rather through their state employer. Garcia's lawyers—who were appointed by this Court—are attorneys employed by the Office of Capital Post-Conviction Counsel (CPCC). In contrast to non-state-employed counsel appointed to represent indigent death-row inmates, CPCC attorneys receive no compensation or expenses for representing Garcia "other than the compensation attendant to [their] office[s]." Miss. Code Ann. § 99-15-18(1) (Rev. 2020). So the Attorney General's request was not only premature; it was inapplicable. Thus, the trial court lacked authority to grant the Attorney General's motion.

**Background Facts and Procedural History**

2

¶4.    Garcia is currently pursuing two avenues of post-conviction relief.

### I.    Guilty-Plea PCR

¶5.    In 2017, Garcia pled guilty to capital murder, admitting he raped and killed a five-year-old neighbor.  By pleading guilty, Garcia waived his right to appeal his capital-murder conviction to this Court.  Miss. Code Ann. § 99-35-101 (Rev. 2020).  So any request for post-conviction relief from his conviction had to be first presented to the trial court.  Miss. Code Ann. § 99-39-7 (Rev. 2020); *Jackson v. State*, 67 So. 3d 725, 730 (Miss. 2011).  Accordingly, the trial court appointed CPCC attorneys to represent Garcia in post-conviction proceedings aimed at Garcia's guilty plea.  And on January 17, 2018, Garcia filed a petition for post-conviction relief in the Circuit Court of Harrison County, First Judicial District.

### II.    Death-Sentence PCR

¶6.    The question of Garcia's sentence proceeded to trial.  At the sentencing phase, Garcia waived his right to be sentenced by a jury.  And the trial judge, following a sentencing hearing, sentenced Garcia to death.  Garcia appealed his sentence, which we affirmed. *Garcia v. State*, 300 So. 3d 945, 952 (Miss. 2020).  Our decision in that appeal became final on September 17, 2020.  This triggered the one-year statute of limitations for Garcia to file an application for post-conviction relief challenging his sentence.  Miss. Code Ann. § 99-39-5(2)(b) (Rev. 2020).  To that end, on December 7, 2020, we  appointed two attorneys with the CPCC to represent Garcia in post-conviction proceedings before this Court.  Order, *Garcia v. State*, No. 2020-DR-01224-SCT (Miss. Dec. 7, 2020).

### III.    The Attorney General's Motion For Notice

¶7. Garcia's guilty-plea PCR was still pending in the trial court when we appointed the CPCC to represent Garcia in his death-penalty PCR. Eleven days after our appointment, on December 18, 2020, the Attorney General filed the motion that is the subject of this interlocutory appeal in the guilty-plea PCR proceeding. The motion was styled a "Motion for Notice and of an Opportunity to Be Heard on Requests for Litigation Expenses."

¶8. According to the Attorney General, despite being filed in the guilty-plea PCR, the motion was not aimed at any request for litigation expenses pending before the trial court in the guilty-plea PCR.[1] Instead, the motion was preemptively aimed at the litigation expenses that would be incurred in the CPCC's preparation of Garcia's death-penalty PCR to be filed with this Court.[2]

¶9. Citing Mississippi Appellate Rule 22(c)(3) and Mississippi Code Section 99-15-18(6) (Rev. 2020), the Attorney General asserted she was entitled to notice and an opportunity to be heard. The specific assertion was that the trial court had to give its approval of *all* expenses incurred in representing a petitioner in a capital PCR proceeding—even those incurred by the CPCC counsel. According to the Attorney General's reading of the interplay between Rule 22(c)(3) and Section 99-15-18(6), the Legislature intended for the Attorney General and the trial court to provide oversight over CPCC litigation.

---

[1] By this point, Garcia had filed his petition, and the trial court had conducted a hearing. All that was left was the trial court's ruling.

[2] Garcia filed his PCR petition with this Court nine months later. Motion for Post-Conviction Relief, *Garcia v. State*, No. 2020-DR-01224-SCT (filed September 17, 2021).

¶10. Counsel for the CPCC strongly opposed the Attorney General's motion. According to the CPCC attorneys, the provision from Section 99-15-18 that controlled in their representation of Garcia was Section 99-15-18(1). This subsection directs that "[c]ounsel employed by an office funded by the State of Mississippi or any county shall receive no compensation or expenses for representation of a party seeking post-conviction relief while under a sentence of death other than the compensation attendant to his office." Miss. Code Ann. § 99-15-18(1).

¶11. Following a hearing, the trial court granted the Attorney General's motion. The trial court entered an order directing that Garcia

> shall comply with 22(c)(3) with regard to his pending case seeking leave to file post conviction proceedings concerning the Sentencing in the underlying criminal cause (Supreme Court Case No. 2020-DR-1224-SCT) and must present his request for expenses by estimating the amount of expenses necessary, making the required preliminary showing of necessity and giving notice to the Attorney General with an opportunity for the Attorney General to be heard thereon.

¶12. Curiously, following the entry of the trial court order, the Attorney General, through one of her deputies, emailed the trial court on both the Attorney General's and the CPCC's behalf. The email sought an audience with the trial judge about an attached proposed agreed order to rescind the order granting the Attorney General's motion. According to the email, "[u]pon discussion and additional consideration, both parties believe that the implications of the Order will stretch the resources of our offices beyond their capacities and potentially hinder the efficient performance of our duties to our clients and to the criminal justice system."

5

¶13. The trial court declined the request to rescind the order. And Garcia petitioned this Court for permission to file an interlocutory appeal, which this Court granted. By agreed order, the trial court stayed enforcement of its order until a final decision by this Court.[3]

**Discussion**

¶14. After review, we vacate the trial court's order granting the Attorney General's motion. The reason for vacating is very simple: the Attorney General is not entitled to notice and an opportunity to be heard on requests for litigation expenses that *were never* presented to the trial court for approval—and *will never* be presented to the trial court for approval because such expenses are covered by the CPCC's budget.

## I.  Amended Rule 22(c)(3) and Section 99-15-18

¶15. The history of Rule 22(c)(3) helps explain why this is so.

¶16. In 2000, this Court significantly amended Rule 22.[4] As the official comment to Rule 22 explains, "[f]ollowing the adoption of new legislation in 2000, the rule was further amended to adopt special procedures governing proceedings on applications for leave to file

---

[3] The trial court did not, however, stay the underlying PCR petition. On September 14, 2021, the trial court denied Garcia post-conviction relief from his guilty plea. Garcia's appeal of that decision is currently pending before this Court.

[4] In December 1994, this Court adopted the Mississippi Rules of Appellate Procedure. Order, *In re: Miss. Rules of App. Proc.*, No. 89-R-99027 (Miss. Dec. 22, 1994). Rule 22 governs applications for post-conviction collateral relief in criminal cases. In its original form, Rule 22's only mandatory requirement was that the Attorney General respond within thirty days to each PCR application by a person under the sentence of death. *Id.* By subsequent order, Rule 22 was amended to require PCR applicants to comply with the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Sections 99-39-1 to -29 (Rev. 2020). Order, *In re: Miss. Rules of App. Proc.*, No. 89-R-99027 (Miss. Oct. 15, 1998).

6

in the trial court and motions for post-conviction relief in the cases of parties under sentence of death." M.R.A.P. 22 cmt. Specifically, the amendments were "designed to implement the legislation, adopted as H.B. 1228 and signed by the Governor on May 22, 2000, effective on July 1, 2000." *Id.*

¶17.   Among other things, the Legislature in House Bill 1228 enacted the Mississippi Capital Post-Conviction Counsel Act.  H.B. 1228, Reg. Sess., 2000 Miss Laws, ch. 569, §§ 1-18.[5]  This Act created the CPCC "for the purpose of providing representation to indigent parties under sentences of death in post-conviction proceedings, and to perform such other duties as set forth by law."  *Id.* §§ 2-3.  Before the creation of the CPCC, attorneys were appointed in death-penalty PCRs on an ad hoc basis.  The newly established CPCC was authorized to employ full-time, qualified attorneys to exclusively represent death-row inmates in PCR proceedings.[6]  *Id.* §§ 2, 4.  One of the CPCC's attorneys was to serve as director, at the appointment of the chief justice of this Court.  *Id.* § 2.  And the director was authorized to not only represent petitioners in capital PCR proceedings but also to set and pay salaries of CPCC employees; to solicit and collect money, gifts, and grants from public and private sources; and to incur and pay expenses as are appropriate and customary to the operation of the CPCC.  *Id.* § 7.

---

[5] The Legislature in House Bill 1228 also enacted the Mississippi Capital Defense litigation Act, which created the Mississippi Office of Capital Defense Counsel. *Id.* §§ 19-29.  The bill also created a Mississippi Public Defender Task Force.  *Id.* § 30.

[6] The Act also authorized hiring an investigator and paralegal. *Id.* § 2.

¶18.    The Act recognized that, in certain cases representation by CPCC attorneys may create a conflict of interest or be impracticable due to the office's case load.  *Id.* § 9.  In these scenarios, the Act authorized the CPCC director to employ outside private counsel, whose fees and expenses, including investigative and expert witness expenses were to be "approved by order of the appropriate court."  *Id.*

¶19.    Important to this appeal, the Act also codified Section 99-15-18, which governs the compensation and expense reimbursement for attorneys representing indigent capital PCR petitioners.  *Id.* § 15.  Under subsection (1), "[c]ounsel employed by an office funded by the State of Mississippi or any county shall receive no compensation or expenses for representation of a party seeking post-conviction relief while under a sentence of death other than the compensation attendant to his office."  Miss. Code Ann. § 99-15-18(1).  But if the indigent petitioner is represented by appointed counsel who is not "employed by such an office," counsel is to be paid by an hourly rate.  Miss. Code Ann. § 99-15-18(2) (Rev. 2020).  In 2001, the Legislature expanded Section 99-15-18(2) into four subsections, further detailing the process for non-state-employed attorneys to submit to the trial court at regular intervals invoices for compensation and reasonable expenses.  Miss. Code Ann. § 99-15-18(2)-(5).  The last subsection of Section 99-15-18—originally codified as subsection (3) but renumbered in 2001 to subsection (6)—established a procedure for "[t]he trial court . . . , upon petition by the party seeking post-conviction relief, [to] authorize additional monies to pay for investigative and expert services that are reasonably necessary to adequately litigate the post-conviction claims."  Miss. Code Ann. § 99-15-18(6).  As part of this procedure,

8

"[t]he initial petition for such expenses shall present a credible estimate of anticipated expenses, and such estimate shall be updated from time to time as needed to inform the court of the status of such expenses." *Id.*

¶20. Turning back to Rule 22, consistent with the stated purpose that the amendments implement House Bill 1228, Rule 22(c)(3) begins by stating, "Compensation for attorneys appointed under this section and expenses of litigation shall be governed by Miss. Code Ann. § 99-15-18." M.R.A.P. 22(c)(3). Then, in language similar to Section 99-15-18(6), Rule 22(c)(3) proceeds:

> Prior to the approval of expenses for litigation, the petitioner shall present to the convicting court, with notice to the Attorney General and an opportunity for the Attorney General to be heard, a request estimating the amount of such expenses as will be necessary and appropriate in the matter, and the court will determine and allow such expenses as are justified upon hearing of the request for expenses. In requesting such expenses, the petitioner shall make a preliminary showing that such expenses are necessary to the presentation of his case and that they relate to positions which may reasonably be expected to be beneficial.

## II. Application to Garcia's Representation

¶21. With the rule's history and plain language in mind, we find that, contrary to the Attorney General's interpretation, Rule 22(c)(3) does not convey to the Attorney General the right to weigh in on how the CPCC, a separate state agency, conducts its investigations and post-conviction litigation. Instead, Rule 22(c)(3) implements House Bill 1228, which expressly empowers the CPCC director to pay the salaries and expenses necessary for the CPCC to represent indigent people under sentences of death. H.B. 1228, § 7. At no point does the Act mention oversight by the Attorney General.

9

¶22. Moreover, Rule 22(c)(3) expressly operates in conjunction with Section 99-15-18. M.R.A.P. 22(c)(3). Thus, engrafted into Rule 22(c)(3) is the legislatively crafted scheme in which

    (a)    the expenses of CPCC attorneys will be covered by their salaries and reimbursements through the CPCC, but

    (b)    the expenses of non-state-employed appointed counsel shall be invoiced and approved by the trial court at regular intervals, with court authorization for "additional monies to pay for investigative and expert services that are reasonably necessary to adequately litigate the post-conviction claims" "upon petition by the party seeking post-conviction relief."

Miss. Code Ann. § 99-15-18. Under the plain language of Rule 22(c)(3), it is only in this second scenario—when appointed death-penalty PCR attorneys are not employed by the State and thus must seek court approval of their compensation and expenses—that the notice requirement of Rule 22(c)(3) is triggered.

¶23. Garcia's representation by the CPCC falls under the first scenario. For this reason, his attorneys have not sought—and do not need to seek—court approval of litigation expenses. Thus, the requirement to provide notice to the Attorney General of a request for such expenses clearly does not apply. So the trial court lacked authority to grant the Attorney General's motion. Thus, the order is vacated.

¶24. **VACATED.**

    **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**